## 9165

### LANEY v. GREGORY.

(86 S. E. 3.)

1. CHANGE OF VENUE—DETERMINATION OF ISSUES ON AFFIDAVITS.—Where a change of venue is asked on affidavits, alleging that the plaintiff is not the owner of the note sued on, and that the suit is pretensive and sham, the Court properly refused the motion, and declined to determine these substantial and material issues in the action at chambers, and upon affidavits.

2. VENUE—CHANGE OF VENUE—PROMOTION OF JUSTICE.—The Judge at chambers has no right to. change the place of trial on the ground that the ends of justice will be promoted thereby.

3. BILLS AND NOTES—ACTION ON NOTE—PRESUMPTIONS—OWNERSHIP.— Possession of a note is *prima facie* evidence of ownership thereof, and the burden is on the maker to overcome such presumption, where it is denied.

4. VENUE—CHANGE OF VENUE—MATTERS CONSIDERED ON MOTION.—The question of ownership of a promissory note sued on cannot be decided at chambers on a motion for change of venue based on affidavits.

5. VENUE—CHANGE OF VENUE—MOTION—MATTERS CONSIDERED.—In an action on a promissory note, whether collusion existed between the holder and an indorser to deprive the payee of his right to trial in the county of his residence, cannot be tried at chambers on a motion for change of venue based on affidavits.

6. VENUE — CHANGE OF VENUE — MOTION — MATTERS CONSIDERED. — Whether an action on a promissory note by an indorsee against the maker and an indorser was pretensive cannot be tried at chambers on a motion for change of venue based on affidavits.

7. VENUE—CODEFENDANTS—ACTION ON NOTE.—A suit on a promissory note against the maker and an indorser, who resided in different counties, is properly brought in the county of the indorser's residence.

Before RICE, J., Sumter, at chambers, October, 1914. Affirmed.

Action by R. B. Laney against W. T. Gregory and N. J. Laney. The defendant, Gregory, appeals from the following order:

The above stated case came before me at chambers at Sumter, South Carolina, on October 13, 1914, upon a motion of the defendant, Gregory, to transfer the place of trial of said cause from Lee county to Lancaster county, the

place of residence of said Gregory. The defendant last named has not answered, but moved this Court for an extension of time in which to prepare and file his answer.

The motion for change of venue is based upon two grounds. The first is, in effect, that R. B. Laney, who brings the suit against Gregory as the maker, and N. J. Laney as the endorser, of a certain promissory note of said Gregory to said N. J. Laney, is not the owner of the note sued upon, but that said N. J. Laney, defendant, is the true owner of the same, and that the two said Laneys, who are brothers, have conspired together, and in the form and manner of bringing this suit are seeking to defeat a good and valid defense which said Gregory has to the suit, by attempting to place said R. B. Laney in the position of a purchaser for value without notice.

The second ground is, that the ends of justice will be promoted by the change. In his affidavit opposing the change, R. B. Laney vigorously denies the charge of collusion, and again asserts, as in his verified complaint, that he is the owner and holder of said note for value before maturity. N. J. Laney also swears in his affidavit that he, for value received, transferred said note to said R. B. Laney, and that he also endorsed same and guaranteed its payment, and is liable in this suit as endorser.

Upon a consideration of the verified complaint and the affidavits submitted by both parties, it appears to me, that for this Court to grant the motion upon the first ground made is to determine and give judgment upon, at chambers, out of the county in which the action is brought, and upon affidavits alone, of one of the important issues in the case—assuming, of course, that the answer will raise such issue.

This Court has as much right at chambers to adjudge upon affidavits that Gregory owes nothing on said note as it has to determine upon such a showing as is made, and at chambers, that R. B. Laney is not the owner of the note sued upon.

If the answer puts in issue such matters they should be submitted to a jury for determination with the evidence before it. But, independent of above observations, when the complaint and all the affidavits are considered, I do not think the motion should be granted on the first ground.

As to the second ground: There is no claim that the change will be more convenient for the witnesses, and under *Castles* v. *Lancaster County,* 74 S. C. 512, 55 S. E. 115, this Court has no right to change the place of trial on the ground moved for. Neither can I say, upon the showing made, that the ends of justice will be best subserved by the change.

It is, therefore, ordered, that the motion be, and hereby is, refused; and it is further ordered, that the defendant, Gregory, have ten days from notice of filing this order in which to prepare and serve his answer in said cause.

The exceptions by defendant, W. T. Gregory, were as follows:

1. For that his Honor erred in holding, in effect, that he had no jurisdiction at chambers to hear and determine the issue raised as to the ownership of the note sued on; whereas, he should have held that in this motion for change of venue he had jurisdiction at chambers to decide every issue necessarily involved in said motion.

2. Because his Honor erred in holding and concluding that the Court has as much right at chambers to adjudge upon affidavits that defendant, Gregory, owes nothing on said note as it has to determine upon the showing made, and at chambers, that R. B. Laney, the plaintiff, is not the owner of the note; whereas, he should have held that as the ownership of the note vitally affects the question of the jurisdiction of the cause, that is, whether trial in Lee or Lancaster county should be determined on the motion for change of venue.

3. Because if his Honor had no power at chambers to decide the issue of ownership of the note in suit, he erred

in passing upon the verified complaint and affidavits and refusing the motion upon said complaint and affidavits.

4. Because his Honor erred in finding and concluding that the action was properly brought in Lee county; whereas, he should have held from the affidavits of the disinterested deponents that R. B. Laney is not a *bona fide* holder for value before maturity of the note in suit, but is merely a nominal plaintiff for the purpose of acquiring jurisdiction of the cause in Lee county and of defeating Gregory's right to the jurisdiction of his own county, to wit, Lancaster county, and of defeating Gregory's right to assert his defenses to the note as against N. J. Laney, who, by his own admission and declarations in letters written to defendant, Gregory, after the maturity of the note, is the real owner of the same and the real party in interest.

5. Because his Honor erred in refusing the motion for the change of venue when the uncontradicted affidavits show that N. J. Laney, one of the defendants, presented the note in suit for payment as against defendant, W. T. Gregory, thereby representing that he was the real owner of the said note.

6. Because his Honor erred in failing to find from the affidavits and letters submitted that W. T. Gregory is the real defendant in this case and entitled to a trial in his own county, to wit, Lancaster county.

7. Because his Honor erred in finding that R. B. Laney is the proper plaintiff in this cause when there is no evidence that he presented the note for payment when due or demanded of W. T. Gregory, the real defendant; whereas, he should have found that R. B. Laney is a mere nominal plaintiff and is in collusion with N. J. Laney, his brother, as against W. T. Gregory, and to deny to defendant, Gregory, the right of trial in the county where said Gregory resides.

8. Because his Honor erred in finding from the showing made that N. J. Laney is properly joined as a defendant

in the cause; whereas, he should have found from the preponderance of the affidavits that said N. J. Laney is a sham and pretensive defendant against whom no judgment is expected to be collected or enforced if obtained.

*Mr. W. P. Robinson,* for appellant, submits: *Change of venue may be made at chambers:* 38 S. C. 399; 72 S. C. ——; Code Civil proc. 174; 40 Cyc. 100, 101. *Transfer of note:* 7 Cyc. 791. *Agency:* 79 S. C. 578. *Parties:* Code Civil Proc. 167; 97 S. C. 444.

*Mr. T. H. Tatum,* for N. J. Laney, respondent, cites: 86 S. C. 324; 85 S. C. 245; 97 S. C. 444; 98 S. C. 438.

*Mr. R. W. McLendon,* for plaintiff-respondent, cites: Code Civil Proc. 174, 320, 321; 85 S. C. 245; 86 S. C. 324; 97 S. C. 444.

August 19, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action on a note signed by the defendant, W. T. Gregory, to N. J. Laney in the sum of $3,750, due on September 1, 1914. N. J. Laney endorsed the note, and it came into the possession of plaintiff, and not being paid when due action was brought on the same against W. T. Gregory and N. J. Laney. N. J. Laney is a brother of the plaintiff and is a resident of Lee county. W. T. Gregory is a resident of Lancaster county. Before answering, Gregory made a motion upon affidavits for a change of venue to Lancaster county before the Judge presiding in Third Circuit at chambers, Honorable H. F. Rice. This motion was refused, and defendant, Gregory, was allowed ten days to answer after notice of order refusing the motion for change of venue. Defendant, Gregory, appeals from order rsfusing motion to change the venue.

The exceptions, six in number, complain of error on the part of the presiding Judge, but need not be considered separately.    It appears from the complaint that the defendant, Gergory, executed and delivered to N. J. Laney a negotiable note due and payable on September 1, 1914, at Darlington, S. C., for $3,750; that the note was executed on July 8, 1914, and before maturity the defendant, N. J. Laney, endorsed and delivered the note to the plaintiff for value, 'and at its maturity it was presented for payment, and not being paid was protested for *nonpayment,* and that no part has been paid.

Gregory, in the affidavits submitted in the motion made for change of venue, seeks to establish that the transfer was pretensive, and that the plaintiff has no interest in the note, and that N. J. Laney is the real owner, and that it is a sham suit; that the plaintiff and N. J. Laney are in collusion, and the suit is brought in Lee county and N. J. Laney joined as a party defendant for the purpose of depriving the defendant, Gregory, of his right to trial in Lancaster county, where he resides, and prevent him of his right to set up a valid and meritorious defense that he has to the note sued on.

This Court has held that possession of a note is *prima facie* evidence of ownership, and that the burden is on the maker of the note to overcome this presumption where it is denied, and this Court has held that it is unsatisfactory to determine any substantial and issuable facts involving the merits of the case.    If Judge Rice had granted the motion of defendant, Gregory, on affidavits submitted *pro* and *con,* he would necessarily have had to decide substantial and material issues in the case.    The question of ownership of the note sued on, whether or not there was collusion between the plaintiff and N. J. Laney, and whether or not the suit was pretensive and sham. None of these question could he have decided at chambers on a motion based on affidavits.    As to the right to bring

the suit in Lee county this question is conclusively determined against the appellants in *Barfield* v. *Coker,* 73 S. C. 181, 53 S. E. 170. For these reasons and the reasons set out by Judge Rice, all exceptions are overruled and judgment affirmed.