14849

PATTERSON v. CHARLESTON & W. C. RY. CO. (Two Cases)

(1 S. E. (2d), 920)

*Messrs. M. G. McDonald* and *J. W. Manuel,* for appellant,

*Mr. George Warren,* for respondents,

March 27, 1939.

The opinion of the Court was delivered by Mr. Justice Fishburne.

This appeal is from an order refusing a motion made by the appellant for a change of venue in two cases, from Hampton County to Laurens County. The motion in each case was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change, and was based upon the provisions of Section 426 of the Code of 1932.

For convenience the two motions were heard together by his Honor Judge Johnson, and but one order was filed by him, applying to both. For the same reason the two appeals were consolidated and heard together in this Court.

Both suits arose from the same crossing collision between an automobile and a freight train, which it is alleged oc-

curred within the corporate limits of the City of Laurens on February 13, 1937. The automobile was the property of Mrs. J. R. Patterson, the plaintiff in one case, and at the time of the accident it was driven by J. R. Patterson, Jr., the plaintiff in the other case. The action of Mrs. Patterson was brought to recover damages alleged to have been done to the automobile. J. R. Patterson, Jr., in his action, seeks to recover damages for alleged personal injuries sustained by him by reason of the collision. The complaints are not incorporated in the record, but the allegations of negligence are said to be identical. The relevant facts upon which the actions are based are shown by the affidavits of the appellant.

From these affidavits it appears that both respondents are residents of Laurens County, although J. R. Patterson, Jr., is temporarily absent; that with the exception of J. R. Patterson, Jr., no witness lives in or near Hampton County; that appellant has at least sixteen material witnesses, twelve of whom reside in Laurens County, and four (employees of the appellant), in Augusta, Georgia; that it is highly desirable for the jury to view the crossing where the accident occurred in order to get a clear and correct conception of its nature and surroundings, and that a photographic representation of the crossing scene would be inadequate; that the distance from Laurens to Hampton by rail is 163 miles, and by highway 145 miles. The facts and circumstances which the appellant expects to prove by these witnesses are stated in the affidavits. It is alleged that for these reasons it would be much more convenient and less expensive for the witnesses that the two cases be tried in Laurens County, and that the ends of justice would be thereby promoted, in that the plaintiffs and the witnesses are likely to be known by a Laurens County jury, and such a jury would have a better opportunity to judge of their credibility.

From the counter affidavits submitted by the respondents at the hearing of the motion, it appears that J. R. Patterson, Jr., has been involved in serious trouble of a personal nature,

in Laurens County, the details of which are not set out—of such grave character that his life would be endangered if he returned to Laurens County; that upon the advice of several friends, one of whom was a county officer of Laurens County, he has agreed to leave the County of Laurens, move his residence elsewhere, and not go back to that county; that a very strong sentiment has been worked up against him in Laurens County, notwithstanding the fact that he is innocent of the charge made against him; but on account of the inflammable character of the charge and the fact that his main explanation of it would involve the good name and reputation of a woman of large family connections in that county, he did not make full and complete explanation of the charge, and consequently the vast majority of the people of Laurens County have become inflamed against him, so much so that it would be highly prejudicial to the rights of both J. R. Patterson, Jr., and his mother, Mrs. J. R. Patterson, to transfer the cases to Laurens County; that instead of being in furtherance of justice, such a transfer would be to the contrary; that by reason of these facts, neither he nor his mother could get a fair and impartial trial in Laurens County.

In a short order, which we set out below, the Circuit Judge overruled the defendant's motion for a change of venue:

"These cases arose from alleged injuries at a crossing in the City of Laurens, Laurens County, between an automobile and part of a train. The motion is based upon the grounds of convenience of witnesses and in the furtherance of justice. The strongest showing ever made before me on a motion of this kind has been made. It appears that the convenience of witnesses would best be subserved by a change of venue; and the motion for change would be granted but for the affirmative showing by plaintiffs to the effect that it would not be in the furtherance of justice to make the change. This showing is not traversed. Plaintiffs' showing is to the effect that a fair and impartial trial could not be

had in Laurens County. One of the duties of the Court is to see that the parties receive a fair and impartial trial. Being of the opinion that a fair and impartial trial can be had in Hmpton County where the action is brought, and that it would not be in the furtherance of justice to change the venue, it is ordered, that the motion be, and same is hereby refused."

Section 426, Code of 1932, gives the Court power to change the place of trial: (1) When the county designated for the purpose of trial, in the complaint, is not the proper county; (2) when there is reason to believe that an impartial trial cannot be had in the designated county; and (3) when the convenience of witnesses and the ends of justice will be promoted by the change.

The motion in this case was made under the third subdivision.

In the case of *Castles v. Lancaster County,* 74 S. C., 512, 55 S. E., 115, 117, it was held that the meaning of the statute in coupling "the convenience of witnesses," and "the ends of justice," as a single ground for change of venue, was to authorize a change on this ground only when both "the convenience of witnesses" and "the ends of justice" would be promoted.

The circuit order held that the convenience of witnesses would best be subserved by a change of venue, and that the motion would have been granted "but for the affirmative showing by plaintiffs to the effect that it would not be in the furtherance of justice to make the change."

The fundamental question presented by this appeal is, was the refusal of the motion to change the venue an abuse of discretion?

The appellant recognizes the principle so frequently announced by this Court that motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed, unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Sam-*

*ple v. Bedenbaugh et al.,* 158 S. C., 496, 155 S. E., 828; *Johnston v. Standard Oil Co. of N. J.,* 155 S. C., 179, 152 S. E., 176; *Wade v. Southern R. Co.,* 186 S. C., 265, 195 S. E., 560; *Griffin v. Owens,* 171 S. C., 276, 172 S. E., 221; *Dennis v. McKnight,* 161 S. C., 213, 159 S. E., 557; *Tucker v. Ingram et al.,* 187 S. C.; 525, 198 S. E., 25.

As shown, the Court must inquire not alone as to the convenience of witnesses, but also as to whether the ends of justice will be promoted.

In finding against the appellant on the latter requirement, we think error was committed.

The causes of action arose in Laurens County, and the appellant has established by overwhelming proof that the convenience of witnesses would be subserved by a transfer of this case to that county.

The burden was also upon the appellant to prove that the change would promote the ends of justice. We held in *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C., 399, 17 S. E., 141, 143, discussing a similar question, "That the ends of justice are subserved when the testimony of nine witnesses, all living in Sumter County, are by * * * this very order, submitted to a jury of Sumter County. The very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice."

So that *prima facie* both requirements of the statute were met.

The appellant also points out that there is a silent witness, whose presence in Hampton County is impossible—the railroad crossing—in the City of Laurens, where the accident occurred. The respondents allege in their complaints its dangerous character, and the affidavit of the appellant avers that in view of this, and in view of other allegations contained in the complaint, it is highly desirable, if not necessary, to have the jury in each of these cases view the crossing and its surroundings, which could not practically be done if the cases were tried in Hampton County.

While we held in *Landrum et al. v. South Carolina State Highway Department,* 168 S. C., 139, 167 S. E., 164, that a consideration of this factor was not controlling, still, taken together with the other elements mentioned, it exerts a strong influence, and should not be ignored.

The respondents did not combat in any way the sufficiency of the showing made by the appellant with reference to the first requirement of Sub-division 3, relating to the convenience of witnesses. Their counter attack is directed solely toward showing that the ends of justice will not be promoted by changing the venue from Hampton County to Laurens County. And the success of this attack depends wholly upon the unsupported affidavit of the respondent, J. R. Patterson, Jr., to the effect that he is in such disrepute in Laurens County that the ends of justice would be defeated if he were forced to return there for trial. The appellant has had no opportunity to reply to this affidavit, which was not served until the hearing in the lower Court.

It is stated that J. R. Patterson, Jr., has left the County of Laurens, and agreed not to return there, upon the advice of friends, one of whom is a county officer, because of the scandal referred to, and as the result of which he says that he cannot obtain a fair and impartial trial. And yet his statement on this vital point is not sustained by the affidavit of a single citizen of Laurens County, nor apparently was any effort made to obtain such corroboration. In our opinion, under the unusual circumstances of this case, such supporting affidavits should have been before the Court.

The burden in the first instance was upon the appellant to make a *prima facie* showing, not only that the convenience of witnesses would be served, but also that the ends of justice would be promoted by the change. It successfully met this test. Having done so, the burden shifted to the respondents to show that at least one of these requirements had not been sufficiently satisfied.

It is to be noted that the ill feeling alleged to exist in Laurens County against the respondent, J. R. Patterson, Jr., on account of his conduct, did not arise from, and has no relation or connection with, the issues involved in this case. In this important respect it differs from the case of the *State v. Davis,* 138 S. C., 532, 137 S. E., 139.

We do not say that prejudice may not exist against ▪ a party, for reasons altogether outside of the particular case, which might prevent a fair and impartial trial. But this should be determined not alone upon the sole affidavit of the party affected. A strong showing otherwise should be submitted to the Court, or else a satisfactory explanation given as to the reason why other affidavits could not be obtained.

When the equities inherent in this situation are judi- ▪▪ cially weighed, as they must be, and when it appears, as it does, from a consideration of the whole matter that they are predominantly in favor of the appellant, we are constrained to hold that the Court committed error in denying the motion.

This, of course, does not leave the respondents re- ▪ mediless. If they be so advised they may yet move in Laurens County for a change of venue under Section 35, Code of 1932.

It is contended also by the appellant that the Court erred in refusing its motion for a change of venue in the case of the respondent, Mrs. J. R. Patterson. It is argued that the Court's order treats the plaintiff in each of these two separate cases as being in the same position, when manifestly no showing whatever has been made of any prejudice in Laurens County against Mrs. Patterson. The sole ground advanced for a change in her case is that J .R. Patterson, Jr., would be used as the main witness to establish her case. We think this showing insufficient for the reasons already stated.

Judgment reversed, and cases remanded for entry of order changing the venue in conformity with this opinion.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker concur.

Mr. Justice Carter did not participate on account of illness.