15044

BRICE v. STATE COMPANY

(7 S. E. (2d), 850)

October, 1939.

*Messrs. John E. Edens* and *Elliott, McLain, Wardlaw & Elliott,* for appellant,

*Messrs. McDonald, Macaulay & McDonald* and *N. H. Obear,* for respondent,

March 22, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The respondent, a resident of Fairfield County, brought this action in the County of Richland against the appellant,

with its place of business in the City of Columbia, County of Richland, for personal injuries sustained as a result of an automobile collision that occurred in Fairfield County between an automobile driven by respondent and an automobile driven and operated by an agent, servant or employee of the appellant. Following the service of the summons and complaint, the respondent gave notice of motion for change of venue from the County of Richland to the County of Fairfield upon the ground of convenience of witnesses and the promotion of the ends of justice, predicating the motion on the complaint and affidavit of respondent.

Respondent's affidavit, in brief, alleges he has fourteen material witnesses all residing and working in Fairfield County, among these witnesses being two doctors, the sheriff of Fairfield County, and one of his deputies, and the chief of police of Winnsboro; that it would be most inconvenient and expensive to bring these witnesses to Columbia for the trial of the case. It is unnecessary to review that portion of appellant's affidavits pertaining to, and in contradiction of, the showing made by the respondent as to the "convenience of witnesses" for the defendant. The appellant concedes, and properly so, that respondent has fulfilled the first requirement of the statute, to wit, the convenience of witnesses, but attacks the order of Judge Dennis, before whom the matter was heard, granting the motion for a change of venue, upon the ground that respondent has not made a showing of any nature to meet the second requirement of the statute, to wit, the promotion of the ends of justice by the change.

Under Section 426, Volume 1, Code of Laws of 1932, "The court may change the place of trial in the following cases: * * * (3) When the convenience of witnesses and the ends of justice would be promoted by the change," but both conditions of this statute must be established. *Sample v. Bedenbough,* 158 S. C., 496, 155 S. E., 828. The burden in the first instance rests upon

the moving party to make a *prima facie* showing of the fulfillment of both statutory requirements, and when this test has been successfully met, the burden shifts to the contesting party to defeat the showing made of at least one of these requirements. *Patterson v. Charleston & W. C. Ry. Co.,* 190 S. C., 66, 1 S. E. (2d), 920.

The whole of respondent's affidavit pertains to the convenience of his witnesses, with the exception of the site of the accident being in Fairfield County and his intended request of the Court to permit the jury to visit the scene of the collision. The appellant offered affidavits showing that at the trial of the case there would be produced photographs of the location of the collision, as well as witnesses who could describe the scene and the markings made by both cars on the pavement.

Judge Dennis, in his order, referring to the promotion of the ends of justice to be accomplished by the change of venue, bases his conclusion on the fact that the respondent would have great difficulty in securing the attendance of his witness for a trial in Richland County, and would probably have to go to trial in the absence of some one or more of them; also "the defendant is a newspaper corporation of extensive circulation and is known throughout every village and hamlet in this State," but "on the other hand it is probable that neither plaintiff nor his witnesses will be familiar to a Richland County jury." The order gives consideration to the possibility of the jury desiring to view the scene of the crash, but Judge Dennis states he cannot anticipate the importance of this feature until the case is developed, which may turn out to be a factor of importance. Particular attention is therein directed to the cases of *Utsey v. Charleston S. & N. Railway Company,* 38 S. C., 399, 17 S. E., 141, and *Patterson v. Charleston & W. C. Railway Co., supra.*

These two cases hold in effect that the ends of justice are promoted by having a jury from the vicinage pass upon

the credibility of the witnesses, but the facts of this case do not justify the application of the doctrine therein announced.

In the *Patterson case* the plaintiff and the defendant were residents of Laurens County, and the defendant had sixteen material witnesses, twelve of whom lived in Laurens County and four who lived in Augusta, Ga., and no witnesses for either party, with the exception of the plaintiff who was temporarily living in Hampton County, lived in or near Hampton County. The lower Court refused the defendant's motion for a change of venue, which action was reversed by this Court, citing the ruling in the *Utsey case* to the effect that where all witnesses live in one county it is a promotion of the ends of justice to have a jury of that county pass upon the credibility of the witnesses. In the *Patterson case,* the defendant further showed that it was highly desirable, if not necessary, for the jury to view the scene of the accident —a railroad crossing—in the City of Laurens, where the accident occurred, which crossing the plaintiff alleged to be of a dangerous character, in order for the jury to obtain a clear and correct conception of its nature and surroundings, which would be inadequately represented by a photograph.

The witnesses in this case do not all live in one county as in the *Utsey* and *Patterson cases,* and a change of venue to Fairfield County from Richland County, on this feature, would not promote the ends of justice, but would leave the scales of justice, figuratively speaking, in the same position. Although two of respondent's material witnesses are doctors and there may be difficult in securing the timely attendance of doctors as witnesses in the trial of a case, yet the orderly administration of justice cannot be subjected to a physician's appointment book.

While the scene of the accident is located in Fairfield County, there is no showing made by respondent that it will be necessary for the jury to view the location, or an adequate representation thereof cannot be reproduced by

photographs and verbal descriptions as to enable the jury to understand and determine the issues which may arise.

The statutory right of a defendant to the trial of a case in the county in which the defendant resides at the time of the commencement of an action is a valuable right, and subject to defeat only when the requirements of the statute permitting such change have met with compliance. This fundamental right cannot be disturbed by reason of the fact that appellant may be well known in every village and hamlet in this State, and the respondent known only in his immediate vicinage.

Although it is probable respondent may go to trial in Richland County in the absence of one or more of his witnesses, yet the same probability exists in Fairfield County. The respondent has the right to require the attendance of his witnesses in either county and the probability that one or more of the witnesses may at the time of the trial have just cause to be absent, does not take away appellant's right to have the case tried in Richland County.

Judgment reversed and case remanded for entry of order holding the venue in conformity with this opinion.

MR. CHIEF JUSTICE BONHAM and MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.