15056

ROOF v. TILLER *ET AL.*
(2 Cases)

(10 S. E. (2d), 883)

December, 1939.

*Messrs. C. T. Graydon* and *George D. Levy,* for appellant,

*Mr. John Gregg McMaster, Jr.,* for respondents,

April 3, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The appeals which are combined here grow out of the same state of facts and will be heard together. One conclusion will cover both.

The actions grew out of a collision between automobiles. The one driven by Mrs. Lucinda Sams Roof, and the other driven by Edmund E. Tiller. The collision occurred in Richland County and the actions were brought in the County Court of Richland County. On motion of the defendant, predicated on the allegation that he is a resident of Sumter County, the place of trial was moved to Sumter County. Thereupon, on motions of the plaintiffs, Judge Bellinger, then presiding in the Court of Common Pleas for Sumter County, transferred the cases for trial to the County Court of Richland County. The motion of plaintiffs for the transference to the County Court of Richland County was based on the grounds that the convenience of witnesses and the ends of justice would be better served and promoted by trying these cases in Richland County. In support of the motions the plaintiffs offered the affidavit of the plaintiff, Mrs. Lucinda Sams Roof, that she and her daughter Anne Roof were treated in Providence Hospital by Drs. Durham and Brannon, and were attended by numerous nurses and hospital attendants, who are daily employed in the City of Columbia, and that it would be practically impossible for plaintiffs to obtain the benefit of their testimony if they should have to attend Court at Sumter; that it would be equally inconvenient for the named physicians; that the said physicians, by their affidavits, strongly support these allegations. C. C. Howell, Jr., by his affidavit, states that he is notified by plaintiffs' attorney that he is a material witness for plain-

tiffs in these actions; that he is a resident of West Columbia and could within a few minutes attend the Court in Columbia and return to his employment at the Columbia Mills, but that it would interfere with his work and greatly inconvenience him if he has to go to Sumter to attend the trial and remain until he is called to testify. He knows other mill employees who are regularly employed in the mill and who will be called to testify for plaintiff, upon whom it will work a hardship if they are compelled to attend Court in Sumter County.

The defendant appeals on two exceptions, which he treats in his brief in the form of two questions:

1. Is the showing here sufficient to transfer the case from Sumter County to Richland County?

2. Has the Court of Common Pleas for Sumter County the power to transfer a case to Richland County to be tried in the Richland County Court?

It does not need the citation of authority to show that the motion to transfer the venue of a case on the grounds that "it will serve the convenience of witnesses and promote the ends of justice" is addressed to the sound discretion of the Judge who hears it, and it is equally well-established law that this Court will not reverse the action of the Judge on the ground that he has abused his discretion if there is, in the proof submitted by the movant, competent and relevant evidence to sustain his action.

"It is equally well settled in this state that a motion to change the place of trial upon this statutory ground is addressed to the sound judicial discretion of the circuit judge * * *, which will not be disturbed by the court except in cases of manifest error." Sample v. Bedenbaugh et al., 158 S. C., 496, 155 S. E., 828, 830.

" * * * This court will not interfere with the discretion exercised by a circuit judge unless it is convinced that the action of the circuit judge was so opposed to a sound

discretion as to amount to a deprivation of the legal rights of the complaining party. * *. * " *Griffin v. Owens et al.,* 171 S. C., 276, 172 S. E., 221, 222.

In that case an automobile collision occurred in Spartanburg County. The defendant resided in Richland County. Action was brought in Spartanburg County; on motion of the defendant, the venue was changed to Richland County. Motion was made by the plaintiff, before Judge Grimball, to transfer the venue back to Spartanburg County on the grounds of the convenience of witnesses and the promotion of the ends of justice; which motion was granted. In this case the Court said what is above quoted and added the following:

" * * * We are not convinced to this extent in the present case; in fact, in our opinion, the discretion of the trial judge was, not only judiciously, but was wisely, exercised."

"It has been well settled in this State, as elsewhere, that place of residence is a question of fact and depends upon the intention of the party as evidenced by his acts and declarations *(Barfield v. [J. L.] Coker [& Co.],* 73 S. C., 181, 53 S. E., 170; *Laney v. Gregory,* 101 S. C., 144, 86 S. E., 3), and the finding of the circuit judge is conclusive thereon unless there is a total failure of testimony to support it *(Barfield v. [J. L.] Coker & Co., supra; LeHardy v. Dibble,* 80 S. C., 482, 61 S. E., 950)." *Sample v. Bedenbaugh et al.,* 158 S. C., 496, 155 S. E., 828, 829.

Judge Bellinger, in his order in this case, said:

" * * * It should be stated at the outset that the right to trial in the County where the defendant resides, granted in Section 422, Code 1932, *supra,* is a substantial right and has been repeatedly held to be such. *State v. Columbia Ry. Gas & Electric Co.,* 129 S. C., 455, 124 S. E., 758, and other cases. However, the Legislature did not intend that such rule was inflexible for it enacted Section 426, *supra,* which sets

out when the place of trial may be changed. When it is affirmatively shown that the convenience of witnesses and the ends of justice would be promoted the Court is fully empowered to transfer the case to another County. *Griffin v. Owens,* 171 S. C., 276, 172 S. E., 221; *Sample v. Bedenbaugh et al.,* 158 S. C., 496, 155 S. E., 828.

"By affidavits and admissions in argument before me it is shown that all witnesses, except the defendant, reside in Richland County and even the defendant lives in Richland County for nine months of the year as a student at the University; * * *. The defendant shows, only, that he is actually a resident of Sumter County, though attending the University; that he is under indictment in Richland County for alleged violation of law, arising out of the collision from which arose these cases, and that such would be prejudicial to his case in Richland County."

Here is the finding by the Circuit Judge that the defendant is a resident of Richland County for nine months of the year, and there is evidence to sustain the finding. It cannot be denied that he was residing in Richland County when the collision occurred and when the actions were brought against him.

We have seen that Section 422 provides that "the action shall be tried *in the county in which the defendant resides at the time of the commencement of the action."* (Italics added).

Black's Law Dictionary, 3rd ed., at page 1543, defines residence as follows: "The place where a man makes his home, *or where he dwells permanently or for a considerable length of time.* * * * A distinction is recognized between legal and actual residence. A person may be a legal resident of one place and an actual resident of another." (Italics added.)

So the defendant was an actual resident of Richland County *at the time of the commencement of these actions.*

Appellant asks in his second question: "Has the Court of Common Pleas of Sumter County the power to transfer a case to Richland County to be tried in the Richland County Court?"

Why not? Plaintiffs elected to bring their action in that Court; nothing has been presented by appellant to show that it is not a Court of competent jurisdiction. It is the Court from which the appellant had them removed to Sumter and on the sole ground that the defendant is a resident of Sumter County. We find no merit in the proposition.

We are satisfied that Judge Bellinger soundly and wisely exercised his discretion in the premises.

The exceptions are overruled and the order appealed from is affirmed.

MESSRS. JUSTICES CARTER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concurs in result.

MR. J. HENRY JOHNSON, Acting Associate Justice (concurring in result):

I concur in the result; I do not think it is necessary to an affirmance of Judge Bellinger's order that this Court should hold that a college student, temporarily absent from the county of his *legal* residence only for that portion of each year during which his college is in session, is a "resident" of the county in which he is a student, in the sense in which the word "resident" is used in Section 422, Code of 1932. But for the power of the Court to change the venue in proper cases, it is my opinion that college and university students should be sued in the counties of their *legal* residence in the counties where they live with their parents.

ON PETITION FOR REHEARING

Denied August 7, 1940.

*Per curiam.*

The defendant petitions this Court for a rehearing, predicating his petition upon two grounds, viz.:

1. That defendant is not a resident of Richland County but resides in Sumter County. It is sufficient to say that Judge Bellinger, in his order removing the case from Sumter County back to Richland County, based the order principally on the ground that it was for the convenience of witnesses and the promotion of the ends of justice. He did say in his order that "By affidavits and admissions in argument before me, it is shown that all witnesses, except the defendant, reside in Richland County, and even the defendant *lives in Richland County* for nine months of the year as a student at the University." It cannot be denied that he was living in Richland County as a student at the time of the occurrence which gave rise to this action and at the time of the commencement of the action. Section 422 of the Code provides that the action *"shall be tried in the county in which the defendant resides at the time of the commencement of the action."*

2. Petitioner seems to find an irreconcilable condition between the findings of this Court in the present action and its findings in its opinion in the case of *Brice v. State Company,* 193 S. C., 137, 7 S. E. (2d), 850, filed March 22, 1940.

We find no such discrepancy or contradictory matter. We think a careful reading of both opinions will bear out this statement.

The petition for rehearing is dismissed.

Mr. Chief Justice Bonham, Messrs. Justices Carter and Fishburne and Mr. Acting Associate Justice Henderson concur.

Mr. J. Henry Johnson, Acting Associate Justice (dissenting) :

I concurred in the *result, only,* of the opinion originally filed herein, not then having had access to the opinion in *Brice v. State Company,* 193 S. C., 137, 7 S. E. (2d), 850, filed March 22nd. I now repeat, with the utmost deference and respect for the views of the other members of the Court, yet with all the earnestness at my command, that, in a mat-

ter of such grave and far-reaching importance as the fundamental right to trial in the county of one's residence, this Court should not go out of its way at this late hour in American jurisprudence to announce the doctrine that a student is a *legal resident* of the county where he attends an institution of higher learning—so that he may be sued therein —when, during the usual summer vacation, he returns to the home of his parents in another county, where the latter have always resided, and where the family lived together continuously until the son matriculated at college. For myself, I am confirmed in the opinion that, *unless the evidence clearly establishes a contrary intention upon his part,* a college student (who lives in the home of his parents in another county when his college is not in session) is a legal "resident" of that county of which his parents are "residents", and wherein they continuously live and make their home; and that such a student must be sued in the latter county, subject only to the power of the Court to change the place of trial agreeable to the provisions of Section 426, Code of 1932, which was done by the presiding Judge in the instant cause primarily because he was of the opinion that "the convenience of witnesses and the ends of justice would be promoted by the change," and, if an affirmance of his judgment thereabout be proper, the same should be predicated upon that ground, without announcing the revolutionary principle that a student, attending school in a county other than that of his parents' legal and physical "residence", *ipso facto* becomes a legal "resident" of the county where his school is situated—without regard to any showing of his *intention* to make the county of his college the county of his residence.

"The residence of a person is a mixed question of law and fact; and the intention of that person with regard to the matter is deemed the controlling element of decision. * * * That a man does not live or sleep or have his washing done at the place where he has gained a residence, or that his

family lives elsewhere, or that he engages in employment elsewhere are facts not necessarily inconsistent with his intention to continue his residence at that place." *Clarke et al. v. McCown et al.,* 107 S. C., 209, 92 S. E., 479, 480. In the cause under consideration, it is not questioned that defendant, with his parents, had, prior to the former's going away to the University, gained a "legal residence" in Sumter County, and there is nowhere the slightest suggestion of any intention on his part to change that residence to Richland County, and his ambition to gain a University degree is "not inconsistent with his intention to continue his residence at that place"—Sumter County.

While it is true, as stated in the order refusing the petition for rehearing, that "the defendant *lives* in Richland County for nine months of the year *as a student at the University*" and that he was *living there as a student* at the time of the commencement of the action, and that Section 422, Code of 1932, requires that "the action shall be tried in the county in which the defendant *resides* at the time of the commencement of the action," it is most respectfully insisted that there is, as indicated by the language of *Clarke v. Mc-Cown, supra,* an elementary and fundamental difference between "living" in a county and being "resident" of a county —at least for purposes of suit and suffrage. Here, it may be conceded that defendant *lived* in Richland County for nine months of the year *as a student at the University—though for no other purpose,* so far as the record discloses—but there is nothing whatever to indicate that he has ever had the slightest intention to become a "legal resident" of Richland County, so that he might vote and/or be sued therein; and certainly "legal residence" is what is contemplated by the use of the word "resides" in Section 422.

An apt illustration of the principle for the preservation of which I make bold to extend myself is to be noted in the fact that our Congressmen "live" in the City of Washington for nine, or more, months of each year, as do many other South

Carolinians, who exercise their right of suffrage in, and who are without doubt "residents" and citizens of this commonwealth. Certainly no one would contend that our representatives in the Congress of the United States are "residents" of the District of Columbia merely because they *live* there for the greater portion of each year; yet, if one becomes a legal resident of Richland County merely because, in pursuit of higher education, he *lives* there *as a student at the University* during that portion of the year when classes are held, why do not our Congressmen become legal residents of the District of Columbia because of their *living* in Washington for a like period of time? If it be said that *their intention* "with regard to the matter is deemed the controlling element of decision," and that it will be presumed that their intention is to continue as "residents" of South Carolina, to the end that they may hold office therefrom, I respectfully suggest that this Court, in conformity with what is invariably the truth as to a *college boy's intention,* should not hesitate to presume, in the absence of clear and convincing proof of a contrary intention on his part, that a student's intention is to maintain his "residence"—during his attendance upon college—in that county where he was born and reared, and where he has always lived with his parents, and where the latter have continuously made their *legal and physical* "residence", and where such student, under the parental roof, makes his place of abode when his college is not in session; usually a week at Thanksgiving, two weeks at Christmas, a week at Easter, and three months during the summer.

And, upon further consideration of the primary question involved in the appeal, and a careful study of the decisions hereinafter referred to, and particularly the opinion in *Brice v. State Company, supra,* I have reached the conclusion that a rehearing should be granted herein for the following reasons:

(1) There is certainly no little confusion in the minds of many members of the bar, and some members of the trial

bench, as to just *what showing* is necessary to procure a change in the place of trial upon the ground that "the convenience of witnesses *and* the ends of justice would be promoted by the change," as is authorized by Section 426, Code of 1932—occasioned by the results reached in the decisions of this Court in *Utsey v. Charleston, S. & N. Ry. Co.,* 38 S. C., 399, 17 S. E., 141 (reaffirmed in *Patterson v. Charleston & W. C. Ry. Co.,* 190 S. C., 66, 1 S. E. (2d), 920, which it may be conceded was properly decided so far as the *result* is concerned), in *Brice v. State Company,* 193 S. C., 137, 7 S. E. (2d), 850, and in the instant cause; and it is a fact that to many members of the bar, and to some members of the trial bench, there appears to be an irreconcilable conflict between the results obtained in the instant cause and in the *Utsey case,* on the one side, and the result obtained in the *Brice case,* on the other side, and, if possible, the law involved should be clarified and settled. In the *Utsey case* (38 S: C., 399, 17 S. E., 143), the action of the Circuit Judge in granting the motion for a change in the place of trial *for promotion of the convenience of witnesses and the ends of justice* was affirmed upon appeal, although there was no attempt to make any showing that "the ends of justice would be promoted by the change," the Court holding, beyond any peradventure of a doubt, that proof of "promotion of the ends of justice" is established merely by showing that the convenience of the great majority of the witnesses —not all of them, as suggested by that, and other decisions, for plaintiff was undoubtedly a witness for himself in the *Utsey case,* though perhaps the only one—will be subserved by the change; for there is nothing else whatever in that record to establish promotion of the ends of justice, and the Court, in effect, so holds. In a suggested explanation of that affirmance, it may be said, not improperly, I trust, that the *Utsey case* was decided at a time in our jurisprudence when, more than now, perhaps, motions of this character were regarded as being largely in the discretion of the trial

Judge, who so-called discretion (almost invariably predicated upon his findings of fact, it may be added), was rarely ever disturbed. Certain it is, however, that the *Utsey case* is subjected to the criticism that *the only proof of the promotion of the ends of justice was the admittedly established convenience of the witnesses for the defendant,* and to the further objection that it is susceptible of the construction, as appears to be indirectly suggested in the opinions in the *Patterson* and *Brice cases, supra,* and by the effect of the decision in the instant cause, that, because a litigant happens to have no witness other than himself who resides in X County, the ends of justice will be promoted by changing the place of trial to Y County, where the more fortunate litigant's witnesses reside. *If the litigant residing in X County be the defendant, then his fundamental right to a trial in the county of his residence is destroyed,* and destroyed, *not by the establishment of both requisites as specified in Section 426 of the Code, and reiterated in many decisions of this Court*—the convenience of witnesses *and* the ends of justice— *but by the establishment of nothing more than the convenience of the witnesses of that litigant who is fortunate enough to find several witnesses living in another county. Indeed, under such circumstances, a defendant could never successfully assert his right to a trial in his own county.* I cannot subscribe to such a construction of our statutes, or to such a result, and I am fortified in my position by this Court's disposition of the matter in *Brice v. State Company, supra,* where, it is most deferentially insisted, the showing with respect to the second requisite for the change, promotion of the ends of justice, was much stronger than that in either the *Utsey* or *Patterson cases, supra,* though it is conceded that, in the latter, inspection of the railway-highway crossing by the jury was a circumstance (not present in the *Utsey case*) naturally tending to aid the jury in reaching a just verdict, and thereby tending to promote the ends of justice. However, in the *Brice case* [193 S. C., 137, 7 S. E.

(2), 851], it was established, and admitted by defendant, that plaintiff, upon his motion for a change of the place of trial from Richland to Fairfield, "fulfilled the first requirement of the statute, to wit, the cenvenience of witnesses." The opinion in that case further shows that *the action* for personal injuries *arose in Fairfield County,* and that *plaintiff had fourteen (14) witnesses,* all residing and working in that county, among them being two physicians, the sheriff, a deputy sheriff and the chief of police of Winnsboro. While the opinion does not show how many *material witnesses for defendant* resided in Richland County, it may be fairly assumed that, inasmuch as the cause of action arose out of an automobile *collision in Fairfield County,* defendant did not have many material witnesses residing in Richland County, the county of its own residence. Moreover, the Circuit Judge *found as an additional fact* that defendant was known in every village and hamlet in the State, whereas plaintiff was probably unknown to Richland County folk. In short, with *some* evidence, apparently, to sustain his findings, the trial Judge, *found as a fact* that both convenience of witnesses and the ends of justice would be promoted by changing the place of trial from Richland to Fairfield. Yet, upon appeal, this Court reversed the judgment, and ordered the cause to trial *in the county of defendant's residence,* thereby protecting its fundamental right to a trial in such place, holding in effect (and reversing, in effect, the lower Court's findings of fact in a law case) that movant had not offered sufficient evidence (or any evidence, perhaps) to show that the ends of justice would be promoted by the change, although defendant-appellant admitted that movant had done as much as was required in the *Utsey case*—established that the convenience of witnesses would be promoted by the change, from which fact alone in the *Utsey case,* it was inferred that the ends of justice would be subserved. I have no quarrel with the correctness of the decision in the *Brice case,* for I hold firmly to the conviction that a defendant's fundamental right to trial

in the county of his residence should be preserved inviolate, *except when there is some positive, affirmative showing of* probative value on behalf of plaintiff either that (1) "an impartial trial cannot be had therein," or that (2) "the convenience of witnesses *and* the ends of justice would be promoted by the change"—there should be no presumption, as in the *Utsey case,* reaffirmed in the *Patterson case,* that the ends of justice will be promoted merely because the convenience of witnesses will be subserved by the change. Nevertheless, if the *Brice case* is sound, if the showing there, as to the promotion of the ends of justice, was not sufficient to deprive defendant of its fundamental right to a trial in the county of its residence, then the showing in the instant cause, as to the promotion of the ends of justice, was not sufficient to deprive Tiller of his fundamental right to a trial in the only county where he has ever had a legal residence, Sumter County; for there was nothing—other than the convenience of the plaintiff's witnesses—to show that the ends of justice would be subserved by transferring the cause from Sumter to Richland. Certain it is that the *Brice case* is in conflict with the *Utsey case, as to the quantity and mode of proof necessary* to show that the ends of justice would be promoted by changing the place of trial from one county to another—in the latter, proof of convenience of witnesses was held to prove promotion of the ends of justice, while in the former, proof of promotion of the witnesses' convenience, supplemented by the trial Court's finding that defendant was no stranger in the county to which he sent the cause for trial, was held to be insufficient to establish promotion of the ends of justice—or the instant case is in conflict with the *Brice case,* because, in the latter, this Court held that trial should be had in the county of *defendant's* residence notwithstanding the convenience of the witnesses would be promoted by trial in another county, whereas, in the case under consideration, the majority opinion decrees that the trial shall be had in that county where the convenience of the witnesses

will be promoted, notwithstanding defendant is a legal resident of another county, and no effort whatever was made on behalf on movant to show that the ends of justice would be promoted by the change, apart from his showing that such change would subserve the convenience of his witnesses. In other words, in the *Utsey case,* this Court affirmed the Circuit Court's ruling (made upon defendant's motion for a change in the place of trial) that "the convenience of witnesses *and* the ends of justice would be promoted by the change," when the only proof of promotion of the ends of justice was the showing as to the convenience of witnesses; in the *Brice case,* the Circuit Judge (upon plaintiff's motion for a change in the place of trial) made the identical ruling, relying upon the *Utsey case,* and also upon the later case of *Patterson v. Ry., supra,* which had but recently reaffirmed the *Utsey case,* yet this Court reversed him, holding in effect, and apparently in direct conflict with its pronouncements in the *Utsey* and *Patterson cases,* that proof of the promotion of the witnesses' convenience; *supplemented by the additional fact that defendant was well known in the county to which the change was ordered,* was no proof that "the ends of justice would be promoted by the change." If the decision in the *Utsey case* be right, then the decision in the *Brice case* is wrong; and if the decision in the *Brice case* be sound—and it is my judgment that it is—then the opinion originally filed in the instant case is unsound. With the utmost defence and respect, it may not be amiss to suggest that, perhaps, some of the confusion in the decisions—notably in the *Brice* and *Patterson cases*—has been caused by what appears to have been reversals by this Court of findings of fact by the Circuit Court, when there was evidence, though admittedly slight, to support such findings of fact below. For example, in the *Patterson case,* it was held that plaintiff's affidavit as to certain facts, which would naturally tend to prevent a fair trial *although not contradicted in any way by defendant, the movant,* was not sufficient to warrant the lower Court's find-

ing of fact "that it would not be in the furtherance of justice to make the change" *because his affidavit was not corroborated by supporting affidavits of others,* and the Circuit Judge's finding of fact (that the movant had not satisfied him by the greater weight of the evidence that the ends of justice would be promoted by granting the change asked for) was reversed; and so was the opposite finding of fact by the Circuit Judge in the *Brice case.*

I am of the opinion, therefore, that a rehearing should be ordered because, in the opinion heretofore filed, the Court overlooked the facts: (1) That no effort was made on behalf of plaintiff-movant to show that the second requirement of Subdivision three of Section 426, the promotion of the ends of justice, would be effected by changing the place of trial from Sumter County to Richland County—other than her showing as to the first requirement of the statute, the promotion of the convenience of witnesses, and the decision of this Court in *Brice v. State Company, supra,* holds in effect that a defendant should not be deprived of his fundamental (and statutory) right to a trial in the county of his residence merely for the convenience of witnesses, when the statute makes necessary the establishment by movant of both requirements. If that be not the effect of that decision, then this Court should announce that a defendant will not be deprived of such fundamental right because he has no witness other than himself, for the mere fact, that, he must sustain his defense by his testimony alone is a most compelling reason for preserving his right to trial before a jury of his own vicinage. *Any other rule, when a defendant has no witness except himself, would make it impossible for such a defendant ever to have a trial in the county of his residence; in passing, it may be noted that the very reasons given in the instant cause to show how inconvenient it would be for plaintiff's witnesses to go to Sumter, and how difficult it would be to get them to attend Court beyond the confines of Richland County, were almost the identical rea-*

*sons given on behalf of plaintiff in Brice's case, overruled by this Court in that case, but sustained by it in the case under consideration now*—that a number of such witnesses were physicians and nurses, etc.; (2) that no effort was made by plaintiff-movant to show that defendant was a "resident" of Richland Coonty at the time of the commencement of the action, and Judge Bellinger did not so rule—he did find that he "lives" in Richland County for nine months of the year *as a student at the University,* "that he is *actually* a resident of Sumter County, though attending the University," but there is, as hereinbefore asserted, an elementary and fundamental difference between being a "resident" of a county and "living" in a county. Contrary to the Circuit Judge's suggestion that he was an *actual* resident of Sumter County, the opinion originally filed holds that "defendant was an *actual* resident of Richland County at the time of the commencement of these actions." Certain it is, I most respectfully suggest, that the only reasonable inference to be drawn from the showing made before the Circuit Judge is that, while the University is in session, defendant *lives* in, and is an *actual* resident of, *Richland* County, *but that the only "legal residence" he has ever had is Sumter County,* where his parents reside, and "legal residence" is surely what is contemplated by Section 422, which requires that "the action shall be tried in the county in which the defendant resides at the time of the commencement of the action," "legal residence" meaning one's residence for the purpose of suit and suffrage; (3) that no effort was made to show that it was, or ever had been, defendant's *intention* to change the place of his "legal residence" from the Sumter County residence of his parents; and, as indicated in *Clarke v. Mc-Cown, supra,* as well as in the authorities cited in the opininon filed herein, "intention * * * with regard to the matter is deemed the controlling element of decision"; (4) that, in order to give effect to, and to perpetuate inviolate, the fundamental (and statutory) right of a person to a trial

in the county of his residence, and in an effort to reconcile the seeming conflict in our decisions, and to lay down a principle that will more nearly preclude inconsistent rulings by trial Judges and apparent conflicting decisions by this Court, *it should be held that, in order to deprive a defendant of his right to trial in the county of his residence, there should be some positive, affirmative evidence of probative value* on behalf of plaintiff *either* that (1) "an impartial trial cannot be had therein," or that (2) "the convenience of witnesses *and* the ends of justice will be promoted by the change," and, with reference to the latter, there should be no presumption or inference that the ends of justice will be promoted by such change, *merely because the evidence shows that the convenience of the witnesses will be subserved thereby.*