15578

CRAWFORD v. COOPER RIVER FEDERAL SAVINGS & LOAN ASSOCIATION OF NORTH CHARLESTON

(27 S. E. (2d), 460)

July, 1942.

*Messrs. Barron, Barron & Walker and Mr. J. R. Flynn,* all of Union, S. C., Counsel for Appellant,

*Mr. Arthur Ryttenberg and Mr. J. C. Long,* both of Charleston, S. C., Counsel for Respondent,

November 1, 1943.

Mr. Associate Justice Fishburne delivered the unanimous opinion of the Court:

The defendant, J. H. Crawford, is appealing from an order of the Circuit Court, denying his motion for a change of venue from Charleston County to Union County, the place of his residence.

This action was originally instituted in the County of Charleston by the plaintiff, Lena Higbe Crawford, wife of

the appellant, against Cooper River Federal Savings & Loan Association of North Charleston, as the sole defendant. The Association is a South Carolina corporation with its offices and place of business in the County of Charleston.

The complaint alleges that on March 27, 1939, the plaintiff delivered to her husband, J. H. Crawford, the sum of $5,000, to be invested by him for the benefit of herself and her minor children in the Loan Association. That her husband made the investment and received from the Loan Association an investment share certificate payable to "J. H. Crawford or Lena H. Crawford," which he handed over to the plaintiff. It is further alleged that thereafter J. H. Crawford secretly obtained possession of the share certificate, delivered it to the Loan Association, and received its check in payment thereof, but that the plaintiff caused payment of the check to be stopped. That the Loan Association has possession of the certificate, and although plaintiff has demanded payment, it has refused to pay her. Judgment is demanded against the Loan Association for $5,000.00, the value of the certificate, and the dividends which had accumulated thereon.

On April 4, 1942, the Cooper River Federal Savings & Loan Association, on its motion, procured an order from the Circuit Court, by the terms of which it was permitted to deposit the amount of money due upon the investment share certificate, including cash dividends, with the Clerk of Court for Charleston County; whereupon the Loan Association was discharged from further liability, and the action was dismissed as to it. In the same order, J. H. Crawford was substituted as sole defendant in place of the Loan Association, and thereafter he was served with a copy of the summons and complaint.

In due time Crawford moved before the Circuit Court for a change of venue of the cause from Charleston County to Union County, "upon the ground that since the substitution of the said J. H. Crawford as defendant instead of Cooper

River Federal Savings & Loan Association of North Charleston, Charleston County is not the proper county for the trial of the said cause,. and Union County, which is the residence of the said defendant, J. H. Crawford, is the proper county for trial." The motion was based upon the pleadings and affidavits filed by both sides.

The Lower Court, in a brief order, refused to transfer the cause, basing its decision on the case of *Halsey v. Minnesota-South Carolina Land &. Timber Company,* 168 S. C., 18, 166 S. E., 626, 628. In that case suit was brought in Charleston County against the Timber Company and R. L. Montague, a resident of Charleston County. After the case had been tried once and appealed to the Supreme Court and sent back for a new trial, Montague died. The timber company then moved to have the venue changed to Dorchester County, where it had offices and agents. The Court held that the venue was fixed "at the time of the commencement of the action." That Montague having died, the cause of action had merely abated as to him, and the case was properly triable in Charleston County, despite the fact that the timber company was not doing business in that county.

In support of this holding in the *Halsey case,* the Court quoted with approval the following text from 7 R. C. L., page 1045: "After a court once acquires jurisdiction of the person and subject-matter, the death, removal from the county, or resignation from office of one of the defendants will not abate the suit, and the court will have power and authority to proceed to final judgment or decree."

In the *Halsey case,* as in the case at bar, Section 422 of the Code was considered directly applicable to the issue raised. The Code, after providing that certain specified actions— this not being one—must be tried in certain places, proceeds, in Section 422, as follows: "In all other cases the action shall be tried in the county in which the defendants resides at the time of the commencements of the action; and if there be more than one defendant, then the action may be tried in

any county in which one or more of the defendants to such action resides at the time of the commencement of the action * * *."

When the present action was commenced in Charleston County against Cooper River Savings & Loan Association, that Company was the sole defendant, and under this situation the case was properly triable in Charleston County. It later developed, however, that the Loan Association was a mere stakeholder of a fund which belonged either to the plaintiff or to her husband, J. H. Crawford, or to both, and that the real controversy was between them.

It is not denied that when the action was commenced against the Loan Association, J. H. Crawford was and still is a resident of Union County.

By Section 427 of the Code, "Civil actions in the courts of record of this State shall be commenced by service of a summons." And under Section 357 of the Code, "An action is commenced as to each defendant when the summons is served on him, or on a co-defendant, who is a joint contractor, or otherwise united in interest with him."

We think it entirely clear that when the Loan Association, the sole defendant, was eliminated from the case, and the appellant, J. H. Crawford, was substituted in its place as sole defendant, the action was not commenced against the appellant until he was served with the summons and complaint. Code, Section 422, provides that the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. After the substitution was made, there was only the one defendant, so that that portion of Section 422 dealing with the venue of actions where there is more than one defendant is not applicable.

The case of *Halsey v. Minnesota-South Carolina Land & Timber Company, supra,* was decided upon an entirely different factual situation. In that case there was more than one defendant and it was conceded by all parties that the

Court of Common Pleas for Charleston County was the proper County for the trial of the cause when it was commenced and when it was actually tried the first time. The Court, in passing upon the issue of jurisdiction, emphasized the importance of the language of the Code provision, "at the time of the commencement of the action." The *Halsey case* cannot be considered as controlling here. When the Loan Assocation, as the sole defendant, was discharged from the case, and the appellant, J. H. Crawford, substituted in its place, the effect was as though a new action had been brought, with only one defendant, and that defendant a resident of Union County.

We have held in numerous cases that the right of a defendant to have a case against him tried in the county in which he resides is a substantial right, *Brice v. State Co.,* 193 S. C., 137, 7 S. E. (2d), 850; *Rosamond v. Lucas-Kidd Motor Co.,* 182 S. C., 331, 189 S. E., 641; *Rankin Lumber Co., v. Gravely,* 112 S. C., 128, 99 S. E., 349; and that an immaterial defendant cannot be joined merely for the purpose of conferring jurisdiction. *White v. Nichols,* 190 S. C., 45, 1 S. E. (2d), 916.

If the appellant had been joined originally as a co-defendant in the case with the Loan Association, he could and probably would have raised the issue on motion, to change the venue upon the ground that the loan association was a mere nominal party—a stakeholder—with no interest adverse to the plaintiff. But not having been joined as a co-defendant, the appellant had no opportunity of following this course. A case strongly suggestive on this point is that of *Hodge v. Sovereign Camp, W. O. W.,* 134 S. C., 343, 348, 132 S. E., 822.

The appellant has also raised the issue that the lower Court erred in overruling his motion for change of venue made upon the ground that the convenience of witnesses and the ends of justice would be promoted by the transfer of the case from Charleston County to the County of Union. In

view of our decision on the first ground of appeal it is unnecessary to consider this second issue. In our opinion the Court erred in refusing to change the venue from Charleston County to Union County. We think it clear that the Court of Common Pleas for Charleston County has no jurisdiction in this case, where the sole defendant is, and was at the commencement of this action as to him, a resident of the County of Union. Upon this ground, the judgment appealed from must be set aside.

Solely, on the ground of lack of jurisdiction, the judgment of this Court is that the venue of this case be changed from Charleston County to Union County; and the Clerk of Court of Charleston County is hereby ordered and directed to transfer all papers and funds in connection with this case to the Clerk of Court for Union County.

Judgment reversed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.