16144

HANCOCK v. SOUTHERN COTTON OIL CO.
ALLEN v. SOUTHERN COTTON OIL CO.
(50 S. E. (2d) 187)

*Messrs. James E. Leppard, and William P. Gulledge,* of Chesterfield, *for Appellants,*

*Messrs. Thomas, Cain and Black,* of Columbia, *for Respondent,*

November 9, 1948.

PER CURIAM.

The venue of these actions was determined to be Kershaw County by the decision of this Court in a former appeal, which is reported in 211 S. C. 432, 45 S. E. (2d) 850. Reference may be had to it for the factual background. Thereafter plaintiff moved in the circuit court to change the place of trial upon the grounds stated in subdivision (3) of Sec. 426 of the Code of 1942 which is here quoted: "The court may change the place of trial in the following cases: * * * (3) when the convenience of witnesses and the ends of justice would be promoted by the change."

The court denied the motion in the exercise of its discretion because it was not convinced that there was a sufficient showing that the ends of justice would be served by granting the motion, in effect conceding, properly so we think, that most of the witnesses would be convenienced by trial of the actions in Chesterfield County as plaintiff sought. However, Kershaw and Chesterfield counties adjoin. *Brice v. State Company*, 193 S. C. 137, 7 S. E. (2d) 850, was relied upon as authority and we agree that these cases cannot be soundly distinguished from it. The present facts which are relevant to the question are so closely parallel to those of the *Brice case* that they need not be further stated; and the reasoning of the opinion in that case likewise need not be restated here. We follow it, which results in affirmance.

Exception overruled.