16762

HAIGLER *ET AL.* v. WESTBURY
(77 S. E. (2d) 207)

*Messrs. T. B. Bryant, Jr.,* of Orangeburg, and *J. D. Parler,* of St. George, *for Plaintiffs-Appellants.*

*Messrs. Rosen, Horger & Sims,* of Orangeburg, *for Defendant-Respondent,*

520

524

Aug. 3, 1953.

PER CURIAM.

The Per Curiam opinion heretofore filed in this case is hereby withdrawn from the files of the Court, and the following substituted therefor.

In this case, we are confronted, as was the Circuit Judge, with a most unusual situation. Neither the plaintiffs-appellants nor the defendant-respondent wants these cases tried in their home county.

Suffice it to say, we have carefully considered, in the light of the record and the exceptions, the order of the Honorable J. M. Brailsford, Jr., resident Judge of the First Judicial Circuit, and find no manifest legal error therein affecting the result or decision on the merits of the motions.

Judge Brailsford in his order refers to residence of a party-witness and says the Court has never had occasion to discuss the question of whether change of venue is affected by residence of a party-witness in the county from which removal is sought, or at least his attention has not been

directed to any case thereon. He further says, "However, the conclusion that the rule is not affected by the residence of a party-witness is implicit in the decision reached in *Roof v. Tiller,* 195 S. C. 132, 10 S. E. (2d) 333, 132 A. L. R. 500, and in *Stanton v. Simms, S. C.,* 74 S. E. (2d) 693."

There is a case in which the residence of party-witnesses was one of the deciding factors in reversing the order of the lower Court ordering a change of venue, that case being *Reynolds v. Atlantic Coast Line Railroad Co.,* 217 S. C. 16, 59 S. E. (2d) 344. In *Roof v. Tiller, supra,* the decision is predicated largely on the fact the defendant was for nine months out of the year residing in Richland County, and in *Stanton v. Sims, supra,* the defendant did not submit any affidavits disputing the contents of plaintiff's affidavits in support of the change.

The point is not material herein since defendant-respondent also seeks change of venue.

Let the order appealed from be reported as the judgment of this Court.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.