13205

DENNIS v. McKNIGHT *ET AL.*

(159 S. E., 557)

Messrs. *J. D. E. Meyer, Adam H. Moss, M. E. Zeigler, C. T. Graydon, N. N. Newell* and *Louis G. Fultz,* for appellants,

Messrs. *Wm. C. Wolfe, Ed C. Mann* and *M. S. Connor,* for respondent,

July 17, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Mann, dated December 23, 1930, changing the venue of the case from Berkeley to Calhoun County.

The plaintiff instituted the action in the Court of Common Pleas of Berkeley County, where all of the defendants resided, on September 2, 1930, for damages on account of the alleged wrongful homicide of her husband, Edward J. Dennis, at Moncks Corner on July 24, 1930, of whose estate

she had been appointed administratrix. The defendants filed an answer to the complaint containing a general denial, and the pleadings were filed in the office of the Clerk of Court of Berkeley County. Before the case was docketed, plaintiff, on December 1, 1930, gave notice of a motion for a change of venue; the grounds of which were thus stated in the notice: "Such motion will be made upon the ground that the plaintiff cannot have a fair and impartial trial of her aforesaid case in Berkeley County, in said State, and because justice will be promoted by such change, and because a fair and just trial can only be secured by transferring the place of trial of said case to another county as provided by law." The motion was noticed to be heard before Judge Mann at St. Matthews on December 13, 1930; by agreement of counsel the hearing was continued to December 23d. The transcript of record contains the following statement: " * * * But the defendants did not thereby waive any right to object to the jurisdiction of the Court or Judge, or any then existing right; the agreement being only as to the time of appearing before the Court."

The matter then came up for a hearing before Judge Mann, at his chambers in Orangeburg, on December 23, 1930. It is assumed that the hearing was at Orangeburg for the convenience of all, the defendants however waiving no objections. At that hearing the defendants interposed the following objections, which were all overruled by Judge Mann:

"(1) That the Court and the resident Judge did not have jurisdiction at chambers to consider the motion for a change of venue but that the motion should be taken up in open Court at a regular term thereof and the Act of 1925 is not sufficient to abrogate the provisions of Section 34 of the Code.

"(2) That since Judge Mann had already decided that change of venue was proper on motion of the State over the objection of the defendants in the criminal cases then he was

disqualified from hearing a similar motion for change of venue in the civil cases arising out of the same facts and circumstances.

"(3) That as the cause had not been docketed in Berkeley County Judge Mann was without jurisdiction to grant a change of venue until the cause was regularly docketed on the calendar in Berkeley County.

"(4) That the Court had no jurisdiction to change the venue where the effect of the change would be to hasten and advance the trial before it could be regularly reached for trial in the county in which the suit was originally brought.

"(5) Because the change of venue at this time was in effect a pre-judging of conditions which might exist in Berkeley County in April, 1931, and that said motion was premature."

Many affidavits were submitted, and after argument Judge Mann signed the following order:

"The plaintiff makes a motion in this case for a change of venue or place of trial of this cause from Berkeley County to some other county in the First Judicial Circuit of this State.

"The motion is made upon due written notice and the grounds are stated in the notice.

"The defendants interpose an objection to the jurisdiction of the Court to hear such motion, but after hearing counsel I have overruled such objections to my jurisdiction to hear and pass upon the motion thus made.

"After hearing affidavits *pro* and *con,* and after hearing counsel fully upon the motion, I have concluded that the venue or place of trial of this case should be changed.

"So, it is upon motion of counsel for the plaintiff,

"Ordered, that such motion be and hereby is granted, and that the venue or place of trial of this case be, and the same is hereby changed from Berkeley County to Calhoun County, in said State; and that the Clerk of Court of Berkeley County do transmit the entire record of this case together with a

certified copy of this order to the Clerk of Court of Calhoun County, so that the said cause may be docketed for trial in Calhoun County instead of in Berkeley County, in said State."

From it the defendants have appealed upon exceptions which fairly raise the matters hereinafter discussed and decided.

It will be observed that the grounds of the motion to change venue, stated in the notice, are: (1) That a fair and impartial trial cannot be had in Berkeley County; and (2) that justice will be promoted by such change.

Section 382 of the Code of Civil Procedure 1922, provides for three conditions justifying a change of venue:

1. When the county designated for the purpose of trial, in the complaint, is not the proper county;

2. When there is reason to believe that an impartial trial cannot be had in the designated county;

3. When the convenience of witnesses and the ends of justice would be promoted by the change.

In the case of *Castles v. Lancaster*, 74 S. C., 512, 55 S. E., 115, it was held that the meaning of the statute in coupling the "convenience of witnesses" and "the ends of justice" together as a single ground for change of venue, was to authorize a change on this ground only when both the "convenience of witnesses" and "the ends of justice" would be promoted. It follows that the grounds stated in the notice of the motion. "that justice will be promoted by such change," cannot be considered, as it omits the accompanying element of convenience of witnesses. There will be left therefore only the ground that a fair and impartial trial could not be held in Berkeley County. This appears to be the only ground mentioned in Section 34 of the Code of Civil Procedure 1922. The defendants contend that as Section 34 requires that the application for change of venue be made to the Judge sitting in regular term, Judge Mann at chambers was without jurisdiction to hear and determine the

motion. It has frequently been decided that under Section 34 the Circuit Judge is without jurisdiction at chambers to pass upon this ground of a motion to change venue; and but for the Acts of 1922 and 1925 the position of the appellants would have to be sustained. However, the Act of 1922, 32 Stat., 903, provides that a Circuit Judge at chambers may "hear and determine any matter not properly triable before a jury"; and the Act of 1925, 34 Stat., 94, provides that "all regular and special Judges shall have at chambers in any county within the circuit in which they are resident or in the circuit in which they are assigned to hold Court, all powers and jurisdiction which they have and exercise in open Court in any county within said circuit, except for the determination of such matters as necessitate trial by jury." It seems manifest therefore that the Acts of 1922 and 1925 constitute amendments to Section 34 and authorize a Circuit Judge at chambers to hear and determine a motion for a chonge of venue upon any one of the three grounds hereinbefore set out.

It appears that Judge Mann passed an order in the criminal case of *State v. McKnight et al.,* changing the venue from Berkeley County to Orangeburg County; and it is insisted by the defendants that he is therefore disqualified from hearing the motion for a change of venue in the civil case, the case at bar. His decision in the criminal case cannot in any sense be considered *res adjudicata* of the matter which arose in the civil case; and for that reason he was not disqualified from hearing this motion.

It is further insisted that Judge Mann was without jurisdiction in the matter for the reason that the case had not been docketed in Berkeley County. We find no such requirement in the statute, and in the case of *Fishburne v. Minott,* 72 S. C., 575, 52 S. E., 646, it was held that the order for a change of venue was properly made even before issue joined.

We find no objection to the order in that it may have hastened the trial of the case; that was a matter for the consideration of the Circuit Judge.

It is insisted by the defendants that the order changing the venue was prejudging the condition in Berkeley County which may have existed in April, 1931, which we assume was supposed to be the time of the trial in Calhoun County. The Circuit Judge could only consider the condition as it existed at the time of hearing the motion.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.