13236

BENN v. CAMEL CITY COACH CO. *ET AL.*

(160 S. E., 135)

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellant,

*Messrs. Tobias & Turner,* for respondent,

September 1, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action was instituted in the Court of Common Pleas of Richland County on January 16, 1931; it is an action for damages in the amount of $20,000.00 on account of personal injuries alleged to have been sustained by the plaintiff by reason of the negligent and willful act of the defendants C. B. White and Camel City Coach Company, near Blackstock, S. C., on December 4, 1930.

It appears from the allegations of the complaint that the defendant Camel City Coach Company was operating a passenger bus between Winnsboro and Chester; the bus was being driven by the defendant White; the defendant Globe Indemnity Company had executed a surety or indemnity bond in the sum of $20,000.00 purporting to indemnify any one injured by the negligent act of the Camel City Coach Company or its agents in operating and maintaining a bus line in this state, in pursuance of the requirements of the Act of April 8, 1925, 34 Stat., 252, as amended by the Act of March 9, 1928, 35 Stat., 1238.

The complaint as originally served alleged that the injury

sustained by the plaintiff was due to the negligent, willful, and intentional act of the defendants White and Camel City Coach Company.

The defendants served upon the plaintiff a notice and a demurrer raising the following objections to the complaint:

1. That the Globe Indemnity Company should be eliminated for the reason that the issuance of a policy by it was neither necessary nor proper to an adjudication of the issues between the plaintiff and the other defendants;

2. That under the statute and the terms of the contract of insurance the Globe Company could not be charged with or held liable for an act of willfulness by the defendants or either of them, upon which charge the plaintiff's claim for punitive damages is based;

3. That there was a misjoinder of causes of action in that the defendants other than the Globe Company were charged *ex delicto* and the Globe Company *ex contractu*.

The notice and demurrer came on to be heard by his Honor, Judge Grimball, on March 6, 1931, at which time he orally indicated his views as to them. Thereupon he permitted the plaintiff to amend his complaint by striking out all allegations of willfulness on the part of the defendants and relying solely upon the allegations of negligence. Thereafter his Honor filed an order sustaining the motion and demurrer, and directing that the Globe Indemnity Company be eliminated from the case. From this order the plaintiff has appealed.

Counsel for appellant and respondent virtually agree that the cardinal issues involved in the case are these:

Is it permissible to join as a party defendant in an action for personal injury based on negligence only, a bonding company, which is surety to the alleged tort-feasor, the bus company, pursuant to the requirement of the provision of the Statute, 34, p. 252, Act of 1925?

Is it permissible to make such surety a party defendant in an action for personal injury based on negligence and willfulness and seeking actual and punitive damages?

Both parties to the appeal rely on the decision of this Court in the case of *Piper v. American Fidelity & Casualty Co.,* 157 S. C., 106, 154 S. E., 106, 109.

A careful study of that case demonstrates that it controls and concludes this appeal. Our interpretation of the principle laid down in the *Piper case* is that: When an indemnity company issues a policy or gives a bond, such as is required by the Act of 1925 (34 Stat., 252), the indemnity company may be joined with the insured in an action for personal injury due to the negligence of the insured, if the contract of insurance be one to answer for *liability* incurred by the insured, and not for its *loss,* where the parties in interest and the damages recoverable are the same. Further, that the contract of indemnity in that case is not one to answer for the *willfulness* of the insured, and hence the indemnity company or bonding company could not be joined with the insured in an action seeking punitive damages for personal injury due to the willful conduct of the insured.

The case also holds that two causes of action, one sounding in tort, the other arising in contract, which grow out of the same transaction, may be joined in one action.

It expressly holds that where the contract of insurance is one of indemnity for the *liability* of the tort-feasor, and not for his *loss,* the injured person has, under the statutes and under the contract of insurance, a beneficial interest in the policy, and is entitled to sue before or after judgment has been rendered against the insured tort-feasor.

The exact language of the leading opinion by Mr. Justice Cothran is as follows: "I think unquestionably that the insurance policy was required by the Act to be, and was issued by the company, for the benefit of any person injured by the negligence of the bus company, and that as such beneficiary, under many decisions of this Court, he had such an interest in the policy as would have sustained an action against the insurance company regardless of a discharge of the insured by payment of damages."

These rulings seem to dispose effectively of the questions made by Exceptions 3 and 4, and sustain the position taken by appellant.

Appellant's counsel with much force argue that the *Piper case* does not definitely hold that the joinder of the insured and the indemnity company would be improper in all actions setting up negligence and willfulness, and seeking actual and punitive damages.

The proposition is set out in Exceptions 1 and 2.

Exception 1 charges error to the Circuit Judge because he eliminated from the complaint the name of the Globe Indemnity Company and all reference to it in the complaint, because that the plaintiff had a right pursuant to the Act of 1925 (34 Stat., 252) to join Globe Indemnity Company as a party defendant in an action for negligent, willful, and wanton acts on the part of the bus company.

Exception 2 charges error for sustaining the demurrer of the Globe Indemnity Company to the original complaint on the ground that it did not state a cause of action against that company on its surety bond to protect plaintiff and those in like position from the negligent, wanton, and willful acts of the Camel City Coach Company and its agents.

We doubt if plaintiff is in position to insist on these exceptions. When the demurrer to the original complaint was heard, along with the motion to eliminate the name of Globe Indemnity Company, and all reference to it, the presiding Judge by his oral utterances so plainly indicated his opinion of the merits of the motion and demurrer that appellant's counsel asked and was granted leave to amend his complaint, which he did by eliminating any charge of willfulness on the part of Camel City Coach Company, or its agents; and by omitting any claim for punitive damages. No reservation of right of appeal from the order sustaining the demurrer to the original complaint appears in the record. However, respondents have not raised this objection, so we shall consider the question.

The opinion in the *Piper case* has this: "Granting that the policy was one of indemnity against liability; that this with the statute gave the plaintiff a beneficial interest in the policy; that he had the right to sue the insurance company upon the policy the moment after the collision occurred; and that he had the right to unite in the same complaint a cause of action against the bus company based upon its negligence with a cause of action against the insurance company upon its indemnity contract—the question is whether he can unite a cause of action against the bus company for punitive damages based upon an alleged *willful, wanton, and malicious act,* for which the insurance company has not assumed indemnity, with a cause of action against the insurance company upon its indemnity contract to answer only for the negligence of the bus company. I do not think that this can be done under the express limitation of the Code that the causes of action united 'must affect all of the parties to the action.'"

Mr. Justice Blease concurred in the result of the opinion; Mr. Justice Carter concurred on the ground that the measure of damages against the indemnity company is different from that of the other defendant; that the amount recoverable from the indemnity company is different from that recoverable from the other defendant. Mr. Chief Justice Watts and Mr. Justice Stabler dissented. This situation leads to uncertainty as to what the Court intended to hold on this particular question. The writer of this opinion is convinced of the soundness of the conclusion reached by Mr. Justice Cothran. The judgment of the Circuit Court in the *Piper case* was reversed, in part, and partly for the reason that the damages claimed against the indemnity company and the other defendant were different; the recovery sought was $25,000.00, whereas the contractual liability of the indemnity company was limited to $5,000.00.

In the case here present for determination the amended complaint seeks only actual damages in the sum of $20,-000.00, and the contract of indemnity is in the sum of $20,000.00.

If it is conceded, as it must be, that the Circuit Judge was right in sustaining the demurrer to the original complaint in so far as it related to the cause of action for punitive damages against the Globe Indemnity Company, he was in error when he sustained it as it related to the cause of action for actual damages against that company.

His Honor, the Circuit Judge, predicated his order ▪ sustaining the demurrer to the amended complaint, in part, upon the ground that: "If it be made known to the jury that the defendant, regardless of when or where it may be, will be relieved of the payment of any judgment because of the protection under a liability policy, the jury, who are only human, will determine the issues with less regard for the actual rights of the parties." The learned Judge overlooked the fact that the statute of the state makes it a condition precedent to the granting of a certificate to a bus company to do business in this state that it give bond in a sum to be fixed by the commission "insuring or indemnifying passengers and the public receiving personal injury * * *." Act April 8, 1925 (34 St. at Large, p. 255), § 5. This is a public Act and every citizen is presumed to have knowledge of it. In a case of this nature it would be practically impossible to keep knowledge of it from the jury.

Exceptions 1 and 2 are overruled, and Exceptions Nos. 3 and 4 are sustained. For the reasons hereinabove set out, the order appealed from is reversed, and the case is remanded to the Circuit Court for trial.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE COTHRAN concur.

MESSRS. JUSTICES STABLER and CARTER concur in result.