**JOHNSON v. BAKER et al.**

United States District Court
S. D. New York.
Nov. 30, 1948.

Samuel J. Cohen, of New York City (Samuel J. Cohen and Henry Weiss, both of New York City, of counsel), for plaintiff.

Simpson Thacher & Bartlett, of New York City (Robert H. O'Brien, Chester C. Davis and Frederick B. Sussmann, all of New York City, of counsel), for defendant National Airlines, Inc.

Roy M. Cohn, of New York City (Alfred J. Callahan and Eugene J. Morris, both of New York City, of counsel), for defendant George T. Baker.

KAUFMAN, District Judge.

This is a stockholders' derivative action. Jurisdiction is based on diversity, plaintiff being a citizen of New York, National Air Lines, Inc. (hereinafter referred to as "National"), a Florida corporation, and Baker a citizen of Florida.

National is a common carrier by air, engaged in interstate and foreign commerce. Its air line operates between Miami, Florida, and New York, New York, and intermediate points; between Miami, Florida, and New Orleans, Louisiana, and intermediate points, and between Miami, Florida, and Havana, Cuba.

The gravamen of the action is alleged mismanagement, waste and deliberate breach of duty by Baker, resulting, it is alleged, in large financial losses to National and in jeopardizing its right to continue in business by creating a situation resulting in a complaint by Air Line Pilots Association to the Civil Aeronautics Board seeking the suspension or revocation of National's certificate to engage in air transportation.

The relief demanded is that Baker account, that he restore to National upwards to $1,000,000, and that receivers be appointed pendente lite and permanently to take over and operate the assets and properties of National in New York State.

National and Baker have moved (1) to dismiss the complaint on the ground that the court has no jurisdiction of the subject matter, the claim being that the maintenance of the suit would impose a burden on interstate commerce in violation of Article I, section 8, of the United States Constitution, and (2) that this court, in its discretion, should decline jurisdiction of the action, or, in the alternative, transfer the action to the United States District Court for the Southern District of Florida on the ground that said District, and not the Southern District of New York, is the appropriate forum for such trial.

National is actively doing business here. It maintains offices here and has an officer and numerous employees here engaged not only in the solicitation and sale of passenger and freight transportation, but in various other aspects of its business; it maintains an air terminal at Idlewild Airport in New York for planes arriving from, and departing to, various other points, and it has employees there to perform the duties incident to servicing the needs of its incoming and outgoing passengers. It maintains bank accounts here; its stock is registered and transferred here; its financing has been handled by banks located here; part of its regional operations are supervised from its traffic office here; for the fiscal year ending June 30, 1948, it sold upward of 21,500 passenger tickets in New York for upwards of $1,600,000, and it carried air freight which originated from New York in an amount of at least 1,000,-000 pounds. Process was served on defendants here. The court has jurisdiction of the parties and the subject matter and the prosecution of the suit will not be an unreasonable burden on interstate commerce. International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; Jensen v. United Air Lines Transport Corporation, 255 App.Div. 611, 8 N.Y.S.2d 374, affirmed 281 N.Y. 598, 22 N.E.2d 167.

The motion to dismiss on this ground is therefore denied.

On the question of appropriate forum, it is pertinent to note that plaintiff's convenience personally is not involved because none of the issues arise out of transactions to which the plaintiff was a party, or in reference to which plaintiff could give evidence, except to prove her ownership of stock in National, which is not disputed. On an application of this kind, the following facts in reference to plaintiff are noteworthy: The plaintiff was an employee of National as a reservation agent at National's New York reservation office from August 12, 1946, to January 1948. In January 1948, plaintiff went out on strike. She was reemployed by National in the same capacity as previously on August 9, 1948. On August 19, 1948, plaintiff was observed copying confidential flight records of National and giving this information to picketing pilots formerly employed by National, in disregard of National's passenger security rule. When, on the following day, plaintiff was confronted with a report of her conduct, she admitted the truth of the charge and stated that since her return to work she felt no loyalty to National. Thereupon plaintiff was discharged.

Two actions are pending against National in the New York State courts. One is on behalf of 106 pilots formerly employed by National and represented by Air Line Pilots Association; the other is by David L. Behncke, as president of said Association, on behalf of and as representative of the members thereof employed by National. The last mentioned action is for the recovery of $2,000,000. on causes of action based upon fundamentally the same labor dispute as the one out of which arises the acts of alleged misconduct set forth in the present stockholders' action. In both said actions in the State courts the plaintiffs are represented by the attorney who represents plaintiff in the present action. Notice of the contemplated bringing of this action appeared in the "Air Line Pilot," the publication of the Association, about a month prior to the commencement thereof. Any recovery herein could enhance the value of plaintiff's twenty shares of stock in such an infinitesimal amount that it is impossible to believe her purpose in bringing the suit is to recoup the injury sustained by her personally from the acts al-

leged in the complaint. Under all the circumstances, it would seem clear that this action is motivated and sponsored by the Air Line Pilots Association with a view to inducing National to make a settlement of the labor dispute between it and the Association on terms satisfactory to the Association.

The position to be taken by National in its labor relations is one relating to the internal affairs of the corporation and is a matter to be determined by its officers and directors; consequently, the merits of the dispute between National and the Air Line Pilots Association are not relevant to the determination of the questions presented here, except perhaps to the limited extent that issues may be presented as to the good faith and fair judgment exercised by the officers and directors in making the decisions they did concerning the position to be taken by National in the controversy with its pilots—a position which appears, incidentally, to have been unanimously approved by the stockholders, with full knowledge of all the facts, at a meeting at which there were present, in person or by proxy, upward of 500,000 shares of the outstanding stock of the corporation.

On the question of the good faith and fair judgment of the officers and directors, the corporate and financial books and records of the corporation will be important sources of proof and these are located at the corporations' principal and home office in Miami, Florida. None of the acts complained of took place in this state, the origin of the dispute being certain proceedings looking toward the adjustment of a controversy arising out of the discharge of a pilot because of the manner in which he approached and landed at National's airport at Tampa, Florida. Baker, who is claimed to have been the guiding spirit of the corporation throughout the controversy with the pilots, and who is said to have had direct supervision and direction of the handling of the controversy on behalf of National, is a resident of Florida, and all the other officers, executives and employees of National who are familiar with the facts involved in the action are in Miami, Florida. Plaintiff states that members of various administrative boards will be necessary witnesses to prove plaintiff's contention that National unreasonably refused to heed or comply with directions of such boards, and that the members of said boards reside for the most part in or near Washington, D. C. where the boards functioned. Whether or not, and to what extent, these gentlemen will be necessary and material witnesses for plaintiff at the trial cannot be determined upon the papers before me, but in my opinion any inconvenience they might suffer in being obliged to attend a trial in Miami, Florida, rather than in New York City, would be more than offset by the inconvenience and expense which would be imposed on defendants if the corporate books and records had to be brought up from Florida and kept in New York throughout what might be a protracted trial, and defendants' witnesses were obliged to come to New York City for the trial of the case.

Moreover, part of the relief sought by plaintiff in the action is the appointment of a receiver for National. This is a subject concerning which it is more appropriate that a decision be made by a court in Florida, the state in which National was organized and maintains its principal offices and from which it conducts its business, than a court in the State of New York.

For the foregoing reasons and pursuant to the provisions of Section 1404(a) of Title 28 U.S.C.A. the motion to transfer the case to the United States District Court for the Southern District of Florida is therefore granted. See Koster v. Lumbermen's Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

. The motion for the appointment of a receiver is denied without prejudice to renewal of said motion in the forum of transfer.