**HUFF v. NASHVILLE, CHATTANOOGA &. ST. LOUIS RY.**

United States District Court
S. D. New York.
June 2, 1949.

Erdheim & Armstrong, New York City, for plaintiff.

Millbank, Tweed, Hope & Hadley, New York City, Mizell Wilson & Wm. E. Jackson, New York City, for defendant.

736

RIFKIND, District Judge.

The defendant has moved, pursuant to § 1404(a) of the Judicial Code, 28 U.S. C.A., for an order transferring this action to the District Court of the United States for the Middle District of Tennessee, "for the convenience of parties and witnesses, in the interest of justice".

The action, begun in a New York court and subsequently removed by reason of diversity, is by the administratrix of one William Huff, deceased. The administratrix, widow of the deceased, sues to recover damages for his death, alleged to have been caused as the result of a collision between a truck in which the deceased was travelling and one of the defendant's rairoad trains, negligently operated by the defendant.

Both the deceased and the plaintiff were citizens of New York. The collision occurred in Belfast, Tennessee, which is in the Middle District of Tennessee and approximately a thousand miles from New York. The defendant railroad is a foreign corporation organized under the laws of Tennessee and it has been held in this case that it is not now and has not been doing business in the State of New York. Jurisdiction was obtained by the New York court by an attachment. An attorney for the defendant states in his affidavit and it is not contradicted by any affidavit filed in behalf of the plaintiff, that all witnesses to the collision reside within the State of Tennessee and within fifty miles of the place where the federal court sits in the Middle District of Tennessee. One of the witnesses is a child of school age, one is sixty years of age and another over seventy years of age. It is also alleged in behalf of the defendant that it would cost over $3,000 to bring the witnesses to New York, should they be willing to come and that no process exists which compels them to come to New York. Plaintiff did not witness the accident. An affidavit filed by plaintiff's attorney discloses that the widow has two children whose ages are 3 and 4. They did not witness the accident.

The law which governs the substantive rights of the parties is the law of Tennessee, where the alleged collision occurred.

In the light of all the circumstances, it seems clear that the policy of § 1404(a) of the Judicial Code will be given expression by granting the motion. This, of course, means that a citizen of New York who has the right of access to its courts in an action against the defendant, jurisdiction having been obtained, at least *in rem*, is nevertheless obliged to travel to a distant jurisdiction to try his claim. The language of § 1404(a), however, together with that of the revisers' notes, seems to indicate that such was the intention of the Congress. There can be no question here that the balance of convenience and the interest of justice favor the defendant's motion.

The motion is granted.