**PAN AMERICAN AIRWAYS, Inc. v. CONSOLIDATED VULTEE AIRCRAFT CORPORATION et al.**

Civ. 50–788.

United States District Court
S. D. New York.

Dec. 28, 1949.

Haight, Deming, Gardner, Poor & Havens, New York City, for plaintiff.

Mendes & Mount, New York City, for defendant, Consolidated Vultee Aircraft Corporation.

Aranow, Brodsky, Einhorn & Dann, New York City, for defendant, Saval, Inc.

NOONAN, District Judge.

Defendant, Saval, Inc., has made several motions in this action:

I. To dismiss the action, or in lieu thereof, quashing the return of service of the summons on the grounds that:

(a) Saval, Inc. is not amenable to service in New York;

(b) That it was not properly served with process;

II. To dismiss the action on the ground that the Southern District of New York is not a proper forum for the trial of said action.

III. In the alternative, to transfer this action to the United States District Court, for the Southern District of California, Central Division, because of forum non conveniens.

IV. In the alternative, for an order staying all proceedings in this action before this court pending the determination of an action between the plaintiff, Pan American Airways, Inc. and defendant, Saval, Inc. upon the same cause in the State Court of California.

This is an action by Pan American Airways, Inc., a New York corporation, with principal offices in the City and State of New York against Consolidated Vultee Aircraft Corporation, a Delaware corporation, having its plant and offices in the State of California, with license to do business in the State of New York and Saval, Inc., a California corporation, not licensed to do business in New York, but maintaining an office in Hempstead, New York.

The complaint alleges both breach of warranty and negligence on the part of defendant, Saval, Inc., and negligence on the part of the defendant, Consolidated Vultee Aircraft Corporation. The defendant, Saval, Inc. is the moving party. Defendant, Consolidated Vultee, has joined with defendant, Saval, Inc., in the motion to transfer this cause to California.

The present action was commenced on July 14, 1949. It seeks to recover the cost of repairs to an aircraft owned by the plaintiff which was damaged in Havana, Cuba, on July 24, 1948. Service of the summons and complaint was made on defendant, Consolidated Vultee Aircraft Corporation, on July 15, 1949. Service was not effected on Saval, Inc., in New York, until July 29, 1949. Meanwhile, Pan American Airways, Inc., apparently mindful of a one year statute of limitations in Cuba, where the accident occurred, commenced an action in the Superior Court in California, on July 22, 1949, in which the defendant, Saval, Inc. has voluntarily entered an appearance. Pan American alleges that the reason that the action was brought in California was to insure that Saval, Inc. would be subject to the jurisdiction of a court, prior to the expiration of the one year statute of limitations.

I. Motion to dismiss or, in lieu thereof, to quash or set aside service of the summons.

This motion, by defendant, Saval, Inc., is based on two grounds:

(a) that it was not amenable to service in New York;

(b) that it was not properly served with process.

The defendant, Saval, is a California corporation engaged in the manufacture and sale of hydraulic, fuel and air control equipment. Its principal office and plant are located in California. It does maintain an office in Hempstead, New York. This office is described by Saval in advertisements and on its stationery as a branch office. In this office the defendant employs two men who are described as "Sales Engineers." The duties of the two employees are limited (accordingly to defendant Saval) to the solicitation and forwarding of orders to the home office. They are not authorized to accept orders; the prices they quote to customers are fixed by the home office; they are not permitted to accept payment from customers; no corporate bank account is maintained here. It is not alleged that the cause of action arose out of any activity of Saval here.

The question of validity of service of process upon a foreign corporation has been one of frequent recurrence before the courts. The variables present in each case account for lack of any well defined formula for determining what constitutes the doing of business by such a corporation, so as to subject it to a particular jurisdiction.

In Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 140, Judge Hand said: "The theory of personal jurisdiction in an action in personam is, ordinarily at any rate, derived from the power over the defendant, consequent upon his presence within the state of the forum. McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458.

The Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 at page 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057 speaking of the corporate personality as a fiction, states: "* * * that unlike an individual its 'presence' * * * can be manifested only by activities carried on in its behalf by those who are authorized to act for it."

The term "presence" is used merely to symbolize those activities of the corporation's agents within the state which the courts will deem to be sufficient to satisfy the demands of due process. Hutchinson v. Chase & Gilbert, supra.

I, therefore, turn to a consideration of the activities of Saval within this state. The course of conduct of the defendant, Saval, in New York is not intermittent or sporadic. It maintains an office here and has done so for a period well over a year. There is continuous activity in the solicitation of orders. It does not appear to the court how substantial were the the responses to Saval's solicitations (i.e. the volume of business Saval realized as a direct result of its maintaining an office and employing sales personnel in New York), but it would appear to be a logical assumption that the business was sufficient to induce Saval to continue to maintain its office and the employees mentioned. In considering Saval's activities some weight must be given to its advertisement in an aeronautical magazine wherein it sets forth the fact that it has a branch office at "260 Front St., Hempstead, Long Island, New York." On the door of the office appears the name, "Saval, Inc.", and the company is listed in the Nassau County Telephone Book.

In Green v. Chicago, Burlington & Quincy R. Co., 205 U.S. 530, 531, 27 S.Ct. 595, 51 L.Ed. 916, the Supreme Court held that mere solicitation was not sufficient to constitute "doing business". Later, in International Harvester v. Kentucky, 234 U.S. 579, 581, 34 S.Ct. 944, 58 L.Ed. 1479, the Court held that solicitation plus other activities would be sufficient, and, in referring to the Green case, labelled it as an "extreme case".

In Hutchinson v. Chase & Gilbert, supra, Judge L. Hand said: "Possibly the maintenance of a regular agency for the solicitation of business will serve without more. The answer made in Green v. C., B., & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, and People's Tobacco Co. v. American Tobacco Company, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537, perhaps becomes somewhat doubtful in the

light of International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and, if it still remains true, it readily yields to slight additions."

In Barnett v. Texas & P. Ry. Co., 2 Cir., 145 F.2d 800, the court, commenting on this trend, found as more than "slight additions" the actual sale of tickets, and issuance of bills of lading, even though these acts were, in fact, infrequent, stressing the point that such acts were authorized.

There is, too, the dicta in Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926, that very little more than mere solicitation is now required to afford a sufficient basis for finding a foreign corporation is present in a state for the purposes of jurisdiction. In Snyder v. J. G. White Engineering Corp., D.C., 60 F.Supp. 789, at page 791, Judge Rifkind discusses and reviews this problem and evolves a simple test: "that the maintenance of an office, plus the regular solicitation of business, constitutes 'transacting business', for the purpose of subjecting a corporation so engaged to a given jurisdiction."

Further, in that case, the court reasoned that "solicitation rarely exists in the pure form, the 'slight additions' are generally present". In the case before us, the maintenance of the office, occupied by the "Sales Engineers", clearly indicates something more than mere solicitation. I do not believe that the fact that the employees here lack the authorization for final contracting is controlling.

Appraising all the facts before me, I conclude that the defendant Saval's activities were such as to subject it to jurisdiction here; " * * * the problem must be solved in the light of commercial actuality, not in the aura of juristic semantics." Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 175 F.2d 900, 903.

However, there is more to corporate "presence" than the mere consideration of the activities of the corporation. In Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, the Court, in analyzing the International Shoe Company case, supra, felt that the language therein meant that it was not enough, constitutionally, to subject a corporation to a court's jurisdiction that it did some continuous business within the state of the forum; the injustice might be too great, if it were compelled to stand trial there, merely on that account, and regardless of the attending "inconveniences." This thought was first indicated in Hutchinson v. Gilbert & Chase, supra, wherein the court said that "presence" includes a second factor, namely, an "estimate of the inconveniences".

As to this factor of the attending inconveniences in Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, at page 790, the court said: "The Court (in International Shoe Co. v. State of Washington, supra) * * * did give a new explanation to corporate 'presence,' for it held that in order to determine that question the court must balance the conflicting interests involved: i.e., whether the gain to the plaintiff in retaining the action where it was, outweighed the burden imposed upon the defendant; or vice versa. That question is certainly indistinguishable from the issue of 'forum non conveniens.'" (Matter in parenthesis supplied.)

In Latimer v. S/A Industrias Reunidas F. Matarazzo, supra, the Court felt that, as a result of the decisions in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and Koster v. American Lumbermen's Mutual Ins. Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067, any constitutional objection to the dispensing with the second factor in "presence" was answered, for the reason that if it is held that doing any continuous business subjected the corporation to the jurisdiction of the court, it has relief in recourse to a plea of forum non conveniens.

As a general principle, I feel that due process may admit of greater inconveniences than those which would sustain a plea of forum non conveniens.

In this case the defendant seeks, as a third alternative form of relief, a transfer of the action to the Southern District of California, under a plea of forum non conveniens. So, because of the affinity of the rationale of this plea and the considera-

930

tions in the second factor of "presence", the Court will consider them together.

The motion to transfer is made under 28 U.S.C.A. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The complaint alleges that the plaintiff's aircraft was damaged in a landing accident caused by a defective cylinder designed by Consolidated and manufactured by Saval, which cylinder was installed by plaintiff in Miami. If the subject matter of this action arose out of the activities of defendant, Saval, in New York, the consideration of the "inconveniences" would be greatly simplified, but it is not so alleged.

■ The enactment of Section 1404(a) did not alter the doctrine of forum non conveniens as set forth in Gulf Oil Corp. v. Gilbert, supra [330 U.S. 501, 67 S.Ct. 843], wherein the court said: "The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

■ It cannot be argued here that plaintiff has chosen an inconvenient forum to harrass the defendant for it is in this district that plaintiff maintains its principal office and place of business, and New York is the state of its incorporation. In Koster v. American Lumbermen's Mutual Ins. Co., supra, the Court pointed out that, while the residence of the plaintiff will not fix the forum without reference to other considerations, it is a fact of "high significance". On this point defendant Saval relies on the recent case of Huff v. Nashville, Chattanooga & St. Louis Ry., D.C., 88 F.Supp. 735. However, that decision is not applicable here, for in that case all the witnesses to the accident were in Tennessee, where the accident occurred.

The majority of plaintiff's witnesses are located in Miami, viz. technical personnel familiar with the operation of this type aircraft; those who installed the cylinder; those who inspected the aircraft and made an investigation after the accident in Havana. Plaintiff further states that it has witnesses in New York, viz. the pilot of the aircraft; those who negotiated with defendant, Consolidated Vultee, on the design and purchase of the aircraft, which transactions took place in New York. Clearly, the defendants cannot contend that California is more convenient for plaintiff's witnesses than is the present forum. It is conceded that the defendants will be inconvenienced by having to bring its witnesses to New York from California. Further, the defendants stress the fact that plaintiff did file a cause of action against the defendants in California after it had instituted action here. This has been considered. Plaintiff acted to preclude possible foreclosure of its claim by operation of Cuba's statute of limitations, pending valid service on defendant, Saval, here. This is a factor to be weighed, but it is not controlling or the sole determinant. Here, we are faced with a balancing of conveniences, and considering all the facts I cannot find any basis for disturbing the plaintiff's choice of forum.

In Latimer v. S/A Industrias Reunidas F. Matarazzo, supra, Judge L. Hand, 175 F.2d at page 186, said: "Nevertheless, whatever will support the plea (forum non conveniens) will excuse the corporation from defending the suit; yet, if it fails in supporting the plea, it will also fail in any attack upon the jurisdiction."

■ . Having carefully considered both the first and second factors in "presence", the Court concludes that the "presence" of defendant Saval is such as to subject it to suit here in this district, and that, further, in the interest of justice and the convenience of witnesses and parties, there is no reasonable basis to transfer this cause to the District Court for the Southern District of California.

As to the second ground of defendant Saval's motion to dismiss the action or quash the return of service of summons, that the defendant was not properly served with process, the Court finds that the service of process was valid. In Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33, 37, the court said: "* * * for we understand the New York courts to hold that, whatever activities make the corporation 'present,' the agent in charge of those activities is the 'managing agent' pro hac vice. [Tuchband v. Chicago & A. R. Co., 115 N.Y. 437, 22 N.E. 360]."

■ Service was on Saval's employee, Reciputi, whose name appeared on the door as manager of its branch office; he was the one who executed the affidavit on Saval's behalf as to the records of its New York office. Saval has not controverted this fact. Therefore, since this service would have been valid in an action in the State Court, the service is valid in an action brought in a Federal District Court. Federal Rules of Civil Procedure, rule 4 (d) (7), 28 U.S.C.A.

Defendant's first motion is accordingly denied.

II. The second motion to dismiss the action is based on the ground that the Southern District of New York is not the proper forum.

28 U.S.C.A. § 1391(c), provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■ In this case defendant, Saval, is doing business in the Eastern District of New York; defendant, Consolidated Vultee, is, for venue purposes, a resident of the Southern District of New York.

28 U.S.C.A. § 1393(b), provides: "Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions."

This motion is denied.

III. The third motion, in the alternative, to transfer the action to the District Court for the Southern District of California, has been considered, previously, in this opinion, and for the reasons there stated is denied, in the interest of justice and the convenience of parties and witnesses.

■ IV. The fourth motion, also in the alternative, is for an order staying all proceedings in this action, pending a determination of the action now at issue between the same parties upon the same cause in the State Court of California. The determination of this motion is an exercise of the court's discretion. In Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, at page 303, Judge Hand said: "* * * it follows that a federal suit, which has been brought after a state suit, may be stayed * * *."

In that same case, the court, commenting on In re President & Fellows of Harvard College, 1 Cir., 149 F.2d 69, noted that there the District Court, in granting the stay of the federal action, was found to have abused its discretion principally because the federal action was instituted first. In the instant case, action was first brought in the Federal Court; and, further, the circumstances which precipitated the bringing of the action in the State Court have already been discussed. Accordingly, this motion must also be denied.