## LEPPARD v. JORDAN'S TRUCK LINE et al.

No. 3362.

United States District Court
E. D. South Carolina, Florence Division.

March 5, 1953.

Leppard & Leppard, Chesterfield, S. C. and J. P. Mozingo, III, Darlington, S. C., for plaintiff.

Shepard K. Nash and John S. Wilson, Sumter, S. C., R. W. Shand, Hartsville, for defendants.

WILLIAMS, District Judge.

This action was brought by plaintiff in the Court of Common Pleas for Darlington County, South Carolina, against Jordan's Truck Line, a corporation, The Travelers Insurance Company and The Travelers Indemnity Company, foreign corporations, to recover actual and punitive damages in the sum of $100,000, arising out of a collision which occurred between an automobile driven by plaintiff's intestate and a truck owned by Jordan's Truck Line.

The liability of the insurance companies is predicated upon the provisions of a liability insurance policy issued under the provisions of Section 8511 of the 1942 Code of Laws for South Carolina.

The action was commenced August 7, 1952, and was removed to the United States District Court for the Eastern District of South Carolina by the insurance companies on September 6, 1952, on the ground that the complaint states a separate and independent claim or cause of action against the insurance companies. In due time a motion was filed by the plaintiff, to remand this cause to the Court of Common Pleas for Darlington County, South Carolina, on the ground that a separate and independent claim or cause of action against the insurance companies does not exist under the provisions of Section 1441(c) of the Judicial Code. The defendant insurance companies have also filed a motion for change of venue to the Western District of North Carolina sitting at Charlotte, North Carolina.

The new Section 1441(c) of the Judicial Code reads as follows:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The plaintiff concedes that the complaint, under the decisions of the Supreme Court of South Carolina, states two causes of action: one in tort against the Jordan Truck Line, and one in contract against the insurance companies, but claims that the liability of the truck line and insurance companies is joint and concurrent under the State decisions, and under Section 487 of the 1942 South Carolina Code. Plaintiff also concedes that the claims against the Jordan Truck Line and the insurance companies are in different amounts.

Three questions must be decided: (1) Does the complaint state a separate and independent claim or cause of action

against the defendant insurance companies under the provisions of Section 1441(c) of the Judicial Code? (2) Is it permissible to join the defendant insurance companies as parties defendant in an action for punitive damages? and (3) Should the cause of action be removed to the Western District of North Carolina sitting at Charlotte?

1. The rule with reference to separate and independent causes of action is clearly set forth in the case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 538, 95 L.Ed. 702, 19 A.L.R.2d 738:

> "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v. Latham, 103 U.S. 205, 212, 26 L.Ed. 514, with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

> "The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action'. § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that re-

sult. By interpretation we should not defeat that purpose.

> "In a suit turning on the meaning of 'cause of action,' this Court announced an accepted description. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. This Court said, 274 U.S. at page 321, 47 S. Ct. at page 602:

> " 'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

> " 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.'

> \* \* \* \* \* \*

> "In making this determination we look to the plaintiff's pleading, which controls. Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 349, 83 L. Ed. 334. The single wrong for which relief is sought is the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition.
> \* \* \* "

▮ The question to be determined, therefore, is whether under the rule laid down in the case of American Fire & Casualty Company v. Finn, supra, the complaint states a separate and independent claim or cause of action. I think that the complaint does state a separate and independent claim or cause of action against the defendant insurance companies. It is admitted that since this accident occurred in the State of North Carolina, the statutory as well as the common law of force in that State controls the issues and status of the

parties in this action. The right to recovery is governed by the *lex loci* and not the *lex fori*.

■■ The rule which has been adopted by the Supreme Court of South Carolina in the cases of Piper v. Fidelity and Casualty Company, 157 S.C. 106, 154 S.E. 106, Benn v. Camel City Coach Company, 162 S.C. 44, 160 S.E. 135, and many other cases, holds: (1) That when an indemnity company issues its policy as required by Section 8511 of the Code of Laws of South Carolina 1942, it may be joined as a party defendant with the insured, provided the contract is for liability and not loss of the insured and where the parties and the damages are the same; (2) That the contract of indemnity is not one to answer for wilfulness of the insured and hence the indemnity company could not be joined with an insured in an action seeking punitive damages for personal injury due to wilful conduct of the insured; and (3) That where wilfulness is not alleged the person injured has the beneficial interest in the policy and is entitled to sue thereon.

■ Section 8511 of the 1942 South Carolina Code requires liability insurance which shall be a policy insuring or indemnifying passengers receiving personal injury by reason of any act of *negligence* on the part of the insured. In the case of Mobley v. Bland, 200 S.C. 448, 21 S.E.2d 22, 25, the plaintiff, Mobley, by his agent, operated his truck on a public highway in North Carolina and an accident occurred between that truck and two trucks owned by the defendant, Bland. Plaintiff in that action brought suit against defendant Bland and alleged that the defendant Pennsylvania Casualty Company issued its policy of insurance insuring its codefendant Bland against loss from any liability imposed by law on Bland for damages resulting from the operation of said trucks, and under the said policy of insurance defendant Pennsylvania Casualty Company was liable to the plaintiff, with its codefendant Bland, for such damages as were sustained by the plaintiff. It was under this allegation that the Pennsylvania Casualty Company was made a party defendant. The Pennsylvania Casualty Company interposed a demurrer on the ground that the plaintiff was undertaking to assert a cause of action against Bland arising out of an alleged tort committed in the State of North Carolina, and against the defendant Pennsylvania Casualty Company under an alleged contract whereby it insured the said Bland against loss from liability imposed by law on the said Bland for damages resulting from the operation of the automobile or trucks referred to in the complaint, in that the company failed to state a cause of action against that defendant since it did not appear on the face of the complaint that the plaintiff had any rights under the policy of insurance issued by the Pennsylvania Casualty Company to Bland. The demurrer was overruled. The Supreme Court, opinion by Mr. Chief Justice Bonham, Justice Baker and Circuit Judge Grimball, Acting Associate Justice, concurring, held as follows:

"In our judgment, the question of prime importance for disposition in this case is whether his honor erred in his interpretation of the North Carolina case of Williams v. Frederickson Motor Express Lines, Inc., 195 N.C. 682, 143 S.E. 256. After citing the North Carolina case of Brown v. Brevard Auto Service Company, 195 N.C. 647, 143 S.E. 258, and after stating, in his supplementary order, that the Brown case 'leaves no doubt that the rule in that state is as contended by defendants,' Judge Dennis makes the following statement: 'However, in a similar case which seems to have been filed at the same time as the Brown case (referring to the case of Williams v. Frederickson Motor Express Lines, supra) that Court held that the statute upon which the ruling in the Brown case was based is in its nature merely remedial. Hence it would not be controlling in an action brought in another state on a cause arising in North Carolina.'

"We cannot agree with his honor in his interpretation of the Williams case, from which we quote on page 257 of 143 S.E.: 'The defendant demurred on the ground that this joinder

was prohibited by section 6 of chapter 136 of the Public Laws of 1927, the court below overruled the demurrer, and the defendants appealed to this Court. We think the demurrer should have been sustained.'

"And again, on the same page, the North Carolina Court held in that case: 'Under the facts and circumstances of this case, we must hold that the statute prohibits the joinder of the assurer and the assured.'

"Public Laws 1927 (North Carolina), c. 136, Section 6, provide: 'In any action in the courts arising out of damage to person or property, the assurer shall not be joined in the action against the assured; but upon final judgment against the assured, the assurer shall be liable within the limitations of the policy for the amount recovered and all court costs.'

"The foregoing section of the North Carolina statute is cited with approval in the Williams case, supra.

"We cannot agree with his honor in his conclusion that the ruling of the North Carolina court is in its nature merely remedial. We think it clear, under the North Carolina statute, and under the Williams case, and under the Brown case, that the assured and the assurer cannot be joined in the same action in a case of this kind. In the latter case the North Carolina court said, at page 258 of 143 S.E.: 'The several defendants also demurred for misjoinder of both parties and causes of action. The demurrers were overruled. In this we think the court below erred.'

"We think that the Brown case, and the North Carolina statute, supra, establish the North Carolina law on this question.

*        *        *        *        *        *

"The cause of action in the present case arose in North Carolina, and even if it should be admitted that it can be tried in this State, we think that it must be tried in accordance with the law of North Carolina, whose object is that the jury should not be influenced by the fact that the defendant has insurance. Our own court has repeatedly refused to permit it to be shown that the defendant carries insurance, lest the jury be influenced thereby.

"The fact that this action is governed by the lex loci, rather than by the law of the forum, is well supported by the case of Ophuls & Hill, Inc., v. Carolina Ice & Fuel Company, 160 S.C. 441, on page 450, 158 S.E. 824, on page 827 *  *  *."

The decision in Mobley v. Bland, supra, which holds that the law of North Carolina is applicable, must govern in this case. Under the North Carolina law it is impossible to sue the carrier and the insurance company in the same cause of action. The North Carolina statute specifically provides that the insurer "shall not be joined in the action against the assured; but upon final judgment against the assured, the assurer shall be liable within the limitations of the policy for the amount recovered and all court costs." Pub.Laws 1927, c. 136, § 6.

This undoubtedly makes the entire action against the defendant insurance companies separate and independent claims or causes of action against said companies, and brings all of the issues as to these two companies within the provisions of Section 1441(c) of the Judicial Code, and the cause of action is removable.

2. In the instant case, the cause of action against the assured and assurer is for punitive damages. There is no case decided by the Supreme Court of South Carolina which holds that the assurer and assured can be joined in such a cause of action. In the case of Benn v. Camel City Coach Co., 162 S.C. 44, 160 S.E. 135, the Supreme Court settled this particular point. The Court referred to the case of Piper v. American Fidelity & Casualty Co., 157 S.C. 106, 154 S.E. 106, 109, and had this to say:

"'Granting that the policy was one of indemnity against liability; that this with the statute gave the plaintiff a beneficial interest in the policy; that he had the right to sue the insurance company upon the policy the moment

after the collision occurred; and that he had the right to unite in the same complaint a cause of action against the bus company based upon its negligence with a cause of action against the insurance company upon its indemnity contract—the question is whether he can unite a cause of action against the bus company for punitive damages based upon an alleged *willful, wanton, and malicious act*, for which the insurance company has not assumed indemnity, with a cause of action against the insurance company upon its indemnity contract to answer only for the negligence of the bus company. I do not think that this can be done under the express limitation of the Code that the causes of action united "must affect all of the parties to the action." '

"Mr. Justice Blease concurred in the result of the opinion; Mr. Justice Carter concurred on the ground that the measure of damages against the indemnity company is different from that of the other defendant; that the amount recoverable from the indemnity company is different from that recoverable from the other defendant. Mr. Chief Justice Watts and Mr. Justice Stabler dissented. This situation leads to uncertainty as to what the court intended to hold on this particular question. The writer of this opinion is convinced of the soundness of the conclusion reached by Mr. Justice Cothran. The judgment of the circuit court in the Piper Case was reversed, in part, and partly for the reason that the damages claimed against the indemnity company and the other defendant were different; the recovery sought was $25,000, whereas the contractual liability of the indemnity company was limited to $5,000." [162 S.C. 44, 160 S.E. 137.]

■ The present cause of action is for actual and punitive damages. The law of South Carolina is clear that the insurance companies cannot be joined if the damages sought are punitive.

■ · 3. I think that the cause of action should be transferred to the Western Dis-

trict of North Carolina. The showing which has been made to me proves that the accident occurred near Monroe, North Carolina, and that a United States District Court sits in Charlotte, North Carolina, a distance of only twenty-six miles from the site where the accident occurred. All eye-witnesses to the accident, except the driver of the truck owned by Jordan Truck Line, live in Kannapolis, North Carolina, and those who know anything about the accident, including the physician who saw the deceased, the photographer who will testify, as well as the surveyor, reside in or near Monroe. Since I have held that the law of North Carolina applies, I think that it would be proper to transfer the cause of action to the Western District of North Carolina, first, for the convenience of the witnesses, and second, because it is apparent that the jury trying the case may desire to view the scene of the accident.

The motion to remand the case to the Western District of North Carolina is made under the provisions of Title 28 U.S.C.A. § 1404(a) which provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In Jiffy Lubricator Co., Inc. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, 362, the court said:

" * * * The notion that 28 U.S.C.A. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous. It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not. * * *"

The District Courts of the District of Columbia and of Ohio are of the same opinion. See 10 A.L.R.2d 933, where the following statement appears:

"In United States v. E. I. DuPont De Nemours Co. (1949, D.C.DistCol) 83 F.Supp. 233, the court said, with reference to Sec. 1404(a) of the Federal Judicial Code: 'This provision introduced a new principle into Federal judicial procedure. It is a comprehensive, general statute applicable to all civil actions without exception. The innovation is salutary, as it enables the courts to make desirable adjustments as to places of trial, and puts plaintiffs and defendants more nearly on a plane of equality in those situations in which an action may be brought in any one of several districts. Previously, the final choice of the jurisdiction lay entirely with the plaintiff. This result obviously involved an element of unfairness, which the new statute endeavors to meet.' See also to the same effect Barnhart v. John B. Rogers Producing Co. (1949, DCOhio) 86 F.Supp. 595."

Judge C. C. Wyche, of the Western District of South Carolina, in White v. Employers' Liability Assur. Corp., D.C.S.C. 1949, 86 F.Supp. 910, cited in 10 A.L.R.2d 938 note, says:

"Where the defendant produces evidence to show that a great majority of the material witnesses, the parties to the action, and the scene of the events upon which the action is based, are all in another district at some distance, the defendant makes a prima facie showing for a transfer of the action, and the burden is shifted to the plaintiff to show that at least one of the requirements of the statute [providing for such transfer] has not been satisfied."

It is true that Section 1404(a) of the new Judicial Code presumes that there is a choice of forum and the court should give weight to the plaintiff's choice because the plaintiff has a right to choose. I do not think, however, that the court should hesitate to transfer an action away from the forum of plaintiff's residence where the conditions of section 1404(a) have been met.

In the case of Johnson v. Baker, D.C., 81 F.Supp. 563, Judge Kaufman transferred the action from New York to Florida even though plaintiff was a resident of New York, where the acts complained of took place in Florida and the defendants lived or had their principal place of business there and kept all their records there. This was a stockholders' derivative action. Judge Kaufman pointed out that the plaintiff was not a witness except as to her ownership of the stock, but he removed the case in spite of the fact that plaintiff had witnesses in Washington who could have gone to New York easier than to Florida.

Another interesting case in point is Huff v. Nashville, Chattanooga & St. Louis Ry., D.C.S.D.N.Y.1949, 88 F.Supp. 735, 736, which is herein quoted in full:

"The defendant has moved, pursuant to § 1404(a) of the Judicial Code, 28 U.S.C.A., for an order transferring this action to the District Court of the United States for the Middle District of Tennessee, 'for the convenience of parties and witnesses, in the interest of justice'.

"The action, begun in a New York court and subsequently removed by reason of diversity, is by the administratrix of one William Huff, deceased. The administratrix, widow of the deceased, sues to recover damages for his death, alleged to have been caused as the result of a collision between a truck in which the deceased was travelling and one of the defendant's railroad trains, negligently operated by the defendant.

"Both the deceased and the plaintiff were citizens of New York. The collision occurred in Belfast, Tennessee, which is in the Middle District of Tennessee and approximately a thousand miles from New York. The defendant railroad is a foreign corporation organized under the laws of Tennessee and it has been held in this case that it is not now and has not been doing business in the State of New York. Jurisdiction was obtained by the New York court by an attachment. An attorney for the defendant states in his affidavit and it is not contradicted by any affidavit filed in behalf of the

818

plaintiff, that all witnesses to the collision reside within the State of Tennessee and within fifty miles of the place where the federal court sits in the Middle District of Tennessee. One of the witnesses is a child of school age, one is sixty years of age and another over seventy years of age. It is also alleged in behalf of the defendant that it would cost over $3,000 to bring the witnesses to New York, should they be willing to come and that no process exists which compels them to come to New York. Plaintiff did not witness the accident. An affidavit filed by plaintiff's attorney discloses that the widow has two children whose ages are 3 and 4. They did not witness the accident.

"The law which governs the substantive rights of the parties is the law of Tennessee, where the alleged collision occurred.

"In the light of all the circumstances, it seems clear that the policy of § 1404(a) of the Judicial Code will be given expression by granting the motion. This, of course, means that a citizen of New York who has the right of access to its courts in an action against the defendant, jurisdiction having been obtained, at least *in rem,* is nevertheless obliged to travel to a distant jurisdiction to try his claim. The language of § 1404(a), however, together with that of the revisers' notes, seems to indicate that such was the intention of the Congress. There can be no question here that the balance of convenience and the interest of justice favor the defendant's motion.

"The motion is granted."

I think that great weight should be given to the choice of the plaintiff, but the convenience of witnesses should also be considered. In the case under consideration, the accident occurred near Monroe, North Carolina, and with the exception of the driver of the Jordan truck, all of the witnesses live in North Carolina and almost all of them live in the vicinity of Monroe, North Carolina. The defendants have no way to compel the attendance of these witnesses at a trial of this case in the Florence Division of the United States District Court for the Eastern District of South Carolina, but they can be compelled to attend the trial of the case in the United States District Court for the Western District of North Carolina, Charlotte Division, which is only a short distance from Monroe, North Carolina.

This action should have been brought in North Carolina, where all the witnesses reside except the driver of the Jordan truck. Service could have been made upon the defendant Jordan Truck Line in the manner provided by North Carolina law.

■ Generally speaking, "The choice of venue in the interest of justice is actually determined by a preponderance of the facts in favor of either the plaintiff or the defendant * * *." United States v. Gerber, D.C., 86 F.Supp. 175, at page 178.

In this action there are additional factors which make it in the interest of justice to transfer the case. It is probable that the jury will be called upon to view the place where the accident occurred. This can be easily done if the trial is held in Charlotte, North Carolina, because the scene of the accident is only about twenty-six miles from Charlotte. It would be extremely inconvenient to permit the jury to view the scene of the accident if the trial were held in the Florence Division of the United States District Court for the Eastern District of South Carolina. Then too, the cost of obtaining willing witnesses would be much less in Charlotte, North Carolina, than in Florence, South Carolina. If the witnesses were unwilling to attend court in Charlotte, North Carolina, compulsory processes for their attendance could be secured. This could not be done if the case were tried in Florence, South Carolina. Section 426(3) of the 1942 South Carolina Code provides for transfer of cases under terms and conditions almost identical with the Federal Code. The Supreme Court of South Carolina, in the case of Gregory v. Powell, 206 S.C. 261, 33 S.E. 2d 629, 632, is highly appropriate here:

"* * * It has been held that the ends of justice are promoted by having a jury from the vicinage pass upon the credibility of the witnesses. Utsey v. Charleston, S. & N. R. Co., 38 S.C. 399, 17 S.E. 141, 143; Patterson v. Charleston & W. C. Railway Co., supra [190 S.C. 66, 1 S.E.2d 920]. In the Utsey case, the Court said: 'The very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice.' As practically all the witnesses in the instant case reside in Georgetown County, under the foregoing principle, it would tend to promote the ends of justice by having a jury of that county pass upon the credibility of the witnesses. In addition to the foregoing, the pleadings in these cases and the testimony in the Dennison case [Dennis v. McKnight, 161 S.C. 213, 159 S.E. 557] show the probability of it being highly desirable, if not necessary, for the jury to view the crossing, which is alleged by respondent to be of a dangerous character, in order to obtain a clear and correct conception of its nature and surroundings. Under the Patterson case, this is a factor that may be properly considered in determining whether the change of venue promotes the ends of justice. * * *"

Another factor to be considered is that the law under which this case is to be tried is the law of North Carolina, which will be the law of the forum if the trial is held in Charlotte, North Carolina. I think that the requirements of Section 1404(a) of the new Judicial Code have been met and that the case should be transferred to the Western District of North Carolina sitting at Charlotte, North Carolina, for trial.

For the foregoing reasons, it follows that the motion to remand should be denied and the motion to change the venue of the case from the Florence, South Carolina, Division to the Charlotte, North Carolina, Division of the Federal Court should be granted,

And it is so ordered.